IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 1:11-CR-161-1 |
| | : | |
| JOHNNY REID EDWARDS | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL AND FOR STATUS CONFERENCE

The United States of America, by and through the undersigned attorneys, respectfully files this Response to defendant Johnny Reid Edwards' Motion to Continue Trial and for Status Conference ("Edwards Mot.").

Edwards bases his motion on allegations that (1) there is inadequate time for the defense to process the discovery that has been produced; (2) the case is "unusual and complex based upon the existence of novel questions of law"; and (3) a continuance is necessary to avoid a miscarriage of justice. (Edwards Mot. at 1). Edwards correctly notes that the Government has declined to consent to his motion for a continuance. The Government has withheld its consent to the request in part because the defendant has failed to state the length of delay he seeks. As represented to defense counsel prior to the filing of the motion, the Government will not object to a short continuance. However, the need to orderly prepare for trial prevents us from consenting to an open-ended and unspecified continuance. Because the Government believes that the parties and the Court are best served by resolving the defendant's request promptly, we request a status conference as soon as possible.

Even though the Government's position on the relief Edwards seeks – a continuance of the trial date – is that a reasonable one is not inappropriate, several statements in Edwards' motion necessitate a response.

A.  Status of Discovery

Edwards has accurately related the dates and approximate volume of discovery materials that the Government has produced.[1] (Edwards Mot. at 4-5). Via these productions, the Government has provided to the defense:

(a) all documents and evidence the Government has received from outside sources during the course of this investigation, whether via voluntary production, Grand Jury subpoena, informal request, or otherwise;

(b) the reports of interview (prepared by agents of the FBI or the IRS) for every fact witness interviewed during the course of this investigation;

(c) all Grand Jury exhibits; and

(d) the transcripts of testimony of every witness who has testified in either Grand Jury that investigated the matter.

The Government has provided all of the above-listed materials well in advance of any deadlines imposed by the Federal Rules of Criminal Procedure or Title 18, United States Code, Section 3500. Of course, as the Court and defense counsel are well aware, the Government's disclosure obligations continue through trial preparation and trial. As is true in every criminal case, there is no date by which discovery is "complete" and the Government's obligations terminate. As trial preparation continues, the Government will promptly turn over any additional discoverable evidence it obtains, and any reports of additional fact witness interviews conducted.

---

[1] Edwards has erred, however, in discussing the documents comprising part of Production #3 that he states were "alleged to have been produced" and "apparently inadvertently omitted." (Edwards Mot. at 4). These documents were indeed produced to the defense, as specifically explained in the Government's letter to counsel dated August 12, 2011.

Therefore, while the refrain that appears throughout Edwards' motion that discovery is "not yet complete" is technically correct, it is deceptive to the extent it suggests that (a) the Government has withheld materials to which the defendant is entitled under the Rules[2]; (b) there is a significant volume of materials remaining to be produced; or (c) the fact that discovery is not yet "complete" separates this case from any other criminal case.

      B.      <u>"Complexity" or "Novelty" of the Case</u>

It is not entirely clear from Edwards' motion how his characterization of the indictment or the charging theory as "complex," "novel," or "unusual" necessitates a continuance, other than providing the Court with a preview of the motions he intends to file next week. While the facts in any criminal case are unique to that case, the defense's characterizations as applied to the indictment or the charging theory are wrong. Here, the indictment charges Edwards with, among other things, violations of the federal campaign finance laws. The Court will be faced with the application of federal campaign finance laws to the facts presented at trial. There is nothing "complex," "novel," or "unusual" about that task.

---

[2] The Government has declined to produce documents the defense requested under the following description: "the empanelment date of each grand jury that heard evidence concerning this case, the record of the empanelment of the grand jury and selection of grand jurors; the dates on which each such grand jury sat and the number of grand jurors present on those dates and at which federal courthouse; the dates on which each grand juror was in attendance; the identities of all persons to whom grand jury materials were disclosed; whether any persons were present during grand jury proceedings other than the grand jurors, witnesses, court reporter and the United States Attorney; the instructions provided to the grand jury before the Indictment was returned; and the voting record and record of return in open court of the Indictment. In addition, I request information as to how the information that was presented to the grand jury in the Eastern District of North Carolina was presented to the grand jury in the Middle District of North Carolina." The Government has declined to produce these materials because under the law, the defendant is not entitled to them.

The Federal Election Campaign Act (2 U.S.C. §§ 431-455) ("Election Act") sets clear and strict limits on the amounts that individuals may contribute to candidates for federal office and their campaigns. In 2008, that limit was $2,300. The Election Act makes it a crime for a candidate or campaign to accept more than that amount from an individual. The applicable law and regulations also make clear that a candidate may not circumvent this core prohibition by having individuals pay for goods or services for the benefit of the candidate or campaign, rather than give the funds to the candidate or campaign directly. According to the Election Act, the test for whether the hundreds of thousands of dollars provided by the two donors in this case constituted campaign contributions is whether they were provided "for the purpose of influencing any election for Federal office." 2 U.S.C. § 431(8)(A). Furthermore, expenditures made in "cooperation, consultation, or concert, with, or at the request or suggestion of" a candidate, and payment of personal expenses on behalf of a candidate, are included in the definition of campaign contributions and subject to the same dollar limitation. 2 U.S.C. § 441a(a)(7)(B)(i); 11 C.F.R. § 113.1(g)(6).

Simply put, an individual who makes a donation to, coordinates an expenditure with, or makes a payment for, a candidate with the goal and intention of influencing that candidate's election to office has made a contribution under the law. The FEC has adopted this plain and ordinary construction of the statute and persuasively applied it in various factual contexts.[3] *See, e.g., Philip D. Harvey*, FEC Advisory Op. 2000-08 (June 14, 2000). On the other hand, where

---

[3] The FEC's authority is well-grounded in the Election Act. *See* 2 U.S.C. § 438(a)(8) ("The Commission shall . . . prescribe rules, regulations, and forms to carry out the provisions of this Act[.]"); 2 U.S.C. § 437f (establishing system of FEC advisory opinions); *Buckley* v. *Valeo*, 424 U.S. 1, 109-110 (1976).

-4-

the payment is made solely for a personal purpose and would have been made irrespective of the candidacy, it is not a campaign contribution. *See*, *e.g., In re James P. Moran, Jr.*, FEC Matter Under Review 5141 (Mar. 11, 2002).

Because the only relief Edwards seeks here is a continuance, the Government will reserve further discussion of Edwards' characterizations of this case as "complex" or "novel" for its response to the defendant's motions. For now, it is sufficient to say that the Government will strongly contest the defendant's claims.

<u>Conclusion</u>

For these reasons, the Government respectfully requests a status conference as soon as possible.

Respectfully submitted this the 29th day of August, 2011,

| | |
|---|---|
| JOHN STUART BRUCE<br>Attorney for the United States<br>Acting under authority<br>conferred by 28 U.S.C. § 515 | JACK SMITH<br>Chief, Public Integrity Section<br>U.S. Department of Justice |
| By:_/s/_____<br>    Robert J. Higdon, Jr.<br>    Brian S. Meyers<br>    Assistant United States Attorneys<br>    Eastern District of North Carolina<br>    310 New Bern Ave., Suite 800<br>    Raleigh, NC 27601-1461<br>    Tel: (919) 856-4103<br>    Fax: (919) 856-4887<br>    Bobby.Higdon@usdoj.gov<br>    State Bar No. 17229 | By:_/s/_____<br>    David V. Harbach, II<br>    Jeffrey E. Tsai<br>    Trial Attorneys<br>    Public Integrity Section<br>    U.S. Department of Justice<br>    1400 New York Ave., N.W., Suite 12100<br>    Washington, DC 20005<br>    Tel: (202) 514-1412<br>    Fax: (202) 514-3003<br>    David.Harbach@usdoj.gov |

## CERTIFICATE OF SERVICE

      I hereby certify that on August 29, 2011, I filed the foregoing with the Court's electronic case filing system, which will transmit copies to all counsel of record.

                                                        _/s/_____
                                                      David V. Harbach, II