# ATTACHMENT 1

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2011, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

\*\*\* THIS SECTION IS CURRENT THROUGH THE AUGUST 25, 2011 \*\*\*
\*\*\* ISSUE OF THE FEDERAL REGISTER \*\*\*

TITLE 11 -- FEDERAL ELECTIONS
CHAPTER I -- FEDERAL ELECTION COMMISSION
SUBCHAPTER A -- GENERAL
PART 113--PERMITTED AND PROHIBITED USES OF CAMPAIGN ACCOUNTS

Go to the CFR Archive Directory

*11 CFR 113.1*

§ 113.1 Definitions (2 U.S.C. 439a).

[PUBLISHER'S NOTE: *67 FR 78679, 78681,* Dec. 26, 2002, purported to substitute "part 100, subparts D and E" for "100.8" in paragraph (g)(5) and "part 100, subparts B and C" for "100.7" in paragraph (g)(6). However, this could not be implemented, as this language does not exist. It is expected that the agency will issue a correction in the Federal Register.]

When used in this part --

(a) Funds donated. Funds donated means all funds, including, but not limited to, gifts, loans, advances, credits or deposits of money which are donated for the purpose of supporting the activities of a Federal or State officeholder; but does not mean funds appropriated by Congress, a State legislature, or another similar public appropriating body, or personal funds of the officeholder donated to an account containing only those personal funds.

(b) Office account. Office account means an account established for the purposes of supporting the activities of a Federal or State officeholder which contains campaign funds and funds donated, but does not include an account used exclusively for funds appropriated by Congress, a State legislature, or another similar public appropriating body, or an account of the officeholder which contains only the personal funds of the officeholder.

(c) Federal officeholder. Federal officeholder means an individual elected to or serving in the office of President or Vice President of the United States; or a Senator or a Representative in, or Delegate or Resident Commissioner to, the Congress of the United States.

(d) State officeholder. State officeholder means an individual elected to or serving in any elected public office within a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico or any subdivision thereof.

(e) [Reserved]

(f) Qualified Member. Qualified Member means an individual who was serving as a Senator or Representative in, or Delegate or Resident Commissioner to, Congress, on January 8, 1980.

(g) Personal use. Personal use means any use of funds in a campaign account of a present or former candidate to fulfill a commitment, obligation or expense of any person that would exist irrespective of the candidate's campaign or duties as a Federal officeholder.

(1)(i) Personal use includes but is not limited to the use of funds in a campaign account for any item listed in paragraphs (g)(1)(i)(A) through (J) of this section:

(A) Household food items or supplies.

(B) Funeral, cremation or burial expenses except those incurred for a candidate (as defined in *11 CFR 100.3*) or an employee or volunteer of an authorized committee whose death arises out of, or in the course of, campaign activity.

(C) Clothing, other than items of de minimis value that are used in the campaign, such as campaign "T-shirts" or caps with campaign slogans.

(D) Tuition payments, other than those associated with training campaign staff.

(E) Mortgage, rent or utility payments --

(1) For any part of any personal residence of the candidate or a member of the candidate's family; or

(2) For real or personal property that is owned by the candidate or a member of the candidate's family and used for campaign purposes, to the extent the payments exceed the fair market value of the property usage.

(F) Admission to a sporting event, concert, theater or other form of entertainment, unless part of a specific campaign or officeholder activity.

(G) Dues, fees or gratuities at a country club, health club, recreational facility or other nonpolitical organization, unless they are part of the costs of a specific fundraising event that takes place on the organization's premises.

(H) Salary payments to a member of the candidate's family, unless the family member is providing bona fide services to the campaign. If a family member provides bona fide services to the campaign, any salary payment in excess of the fair market value of the services provided is personal use.

(I) Salary payments by a candidate's principal campaign to a candidate in excess of the lesser of: the minimum salary paid to a Federal officeholder holding the Federal office that the candidate seeks; or the earned income that the candidate received during the year prior to becoming a candidate. Any earned income that a candidate receives from salaries or wages from any other source shall count against the foregoing limit of the minimum salary paid to a Federal officeholder holding the Federal office that the candidate seeks. The candidate must provide income tax records from the relevant years and other evidence of earned income upon the request of the Commission. Salary shall not be paid to a candidate before the filing deadline for access to the primary election ballot for the Federal office that the candidate seeks, as determined by State law, or in those states that do not conduct primaries, on January 1 of each even-numbered year. See *11 CFR 100.24(a)(1)(i)*. If the candidate wins the primary election, his or her principal campaign committee may pay him or her a salary from campaign funds through the date of the general election, up to and including the date of any general election runoff. If the candidate loses the primary, withdraws from the race, or otherwise ceases to be a candidate, no salary payments may be paid beyond the date he or she is no longer a candidate. In odd-numbered years in which a special election for a Federal office occurs, the principal campaign committee of a candidate for that office may pay him or her a salary from campaign funds starting on the date the special election is set and ending on the day of the special election. See *11 CFR 100.24(a)(1)(ii)*. During the time period in which a principal campaign committee may pay a salary to a candidate under this paragraph, such payment must be computed on a pro-rata basis. A Federal officeholder, as defined in *11 CFR 100.5(f)(1)*, must not receive salary payments as a candidate from campaign funds.

(J) A vacation.

(ii) The Commission will determine, on a case-by-case basis, whether other uses of funds in a campaign account fulfill a commitment, obligation or expense that would exist irrespective of the candidate's campaign or duties as a Federal officeholder, and therefore are personal use. Examples of such other uses include:

(A) Legal expenses;

(B) Meal expenses;

(C) Travel expenses, including subsistence expenses incurred during travel. If a committee uses campaign funds to pay expenses associated with travel that involves both personal activities and campaign or officeholder-related activities, the incremental expenses that result from the personal activities are personal use, unless the person(s) benefiting from this use reimburse(s) the campaign account within thirty days for the amount of the incremental expenses, and

(D) Vehicle expenses, unless they are a de minimis amount. If a committee uses campaign funds to pay expenses associated with a vehicle that is used for both personal activities beyond a de minimis amount and campaign or officeholder-related activities, the portion of the vehicle expenses associated with the personal activities is personal use, unless the person(s) using the vehicle for personal activities reimburse(s) the campaign account within thirty days for the expenses associated with the personal activities.

(2) Charitable donations. Donations of campaign funds or assets to an organization described in *section 170(c) of Title 26 of the United States Code* are not personal use, unless the candidate receives compensation from the organization before the organization has expended the entire amount donated for purposes unrelated to his or her personal benefit.

(3) Transfers of campaign assets. The transfer of a campaign committee asset is not personal use so long as the transfer is for fair market value. Any depreciation that takes place before the transfer must be allocated between the committee and the purchaser based on the useful life of the asset.

(4) Gifts. Gifts of nominal value and donations of a nominal amount made on a special occasion such as a holiday, graduation, marriage, retirement, or death are not personal use, unless made to a member of the candidate's family.

(5) Political or officially connected expenses. The use of campaign funds for an expense that would be a political expense under the rules of the United States House of Representatives or an officially connected expense under the rules of the United States Senate is not personal use to the extent that the expense is an expenditure under subpart D of part 100 or an ordinary and necessary expense incurred in connection with the duties of a holder of Federal office. Any use of funds that would be personal use under paragraph (g)(1) of this section will not be considered an expenditure under subpart D of part 100 or an ordinary and necessary expense incurred in connection with the duties of a holder of Federal office.

(6) Third party payments. Notwithstanding that the use of funds for a particular expense would be a personal use under this section, payment of that expense by any person other than the candidate or the campaign committee shall be a contribution under subpart B of part 100 to the candidate unless the payment would have been made irrespective of the candidacy. Examples of payments considered to be irrespective of the candidacy include, but are not limited to, situations where --

(i) The payment is a donation to a legal expense trust fund established in accordance with the rules of the United States Senate or the United States House of Representatives;

(ii) The payment is made from funds that are the candidate's personal funds as defined in *11 CFR 100.33*,

including an account jointly held by the candidate and a member of the candidate's family;

(iii) Payments for that expense were made by the person making the payment before the candidate became a candidate. Payments that are compensation shall be considered contributions unless --

(A) The compensation results from bona fide employment that is genuinely independent of the candidacy;

(B) The compensation is exclusively in consideration of services provided by the employee as part of this employment; and

(C) The compensation does not exceed the amount of compensation which would be paid to any other similarly qualified person for the same work over the same period of time.

(7) Members of the candidate's family. For the purposes of paragraph (g) of this section, the candidate's family includes:

(i) The spouse of the candidate;

(ii) Any child, step-child, parent, grandparent, sibling, half-sibling or step-sibling of the candidate or the candidate's spouse;

(iii) The spouse of any child, step-child, parent, grandparent, sibling, half-sibling or step-sibling of the candidate; and

(iv) A person who shares a residence with the candidate.

(8) Recordkeeping. For those uses of campaign funds described in paragraphs (g)(1)(i) and (g)(1)(ii) of this section that involve both personal use and either campaign or office-holder use, a contemporaneous log or other record must be kept to document the dates and expenses related to the personal use of the campaign funds. The log must be updated whenever campaign funds are used for personal expenses, as described in paragraph (g)(1) of this section, rather than for campaign or office-holder expenses. The log or other record must also be maintained and preserved for 3 years after the report disclosing the disbursement is filed, pursuant to *11 CFR 102.9* and *104.14(b)*.

HISTORY: *[45 FR 15124,* Mar. 7, 1980, as amended at *56 FR 34126,* July 25, 1991; ratified at *58 FR 59640,* Nov. 10, 1993; *60 FR 7874,* Feb. 9, 1995, as confirmed at *60 FR 17193,* Apr. 5, 1995; *67 FR 38353, 38361,* June 4, 2002; *67 FR 76962, 76978,* Dec. 13, 2002; *67 FR 78679, 78681,* Dec. 26, 2002; *67 FR 79844,* Dec. 31, 2002; *73 FR 79597, 79602,* Dec. 30, 2008; *75 FR 29, 32,* Jan. 4, 2010]

AUTHORITY: AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
*2 U.S.C. 432(h), 438(a)(8), 439a,* and *441a.*

NOTES: [EFFECTIVE DATE NOTE: *73 FR 79597, 79602,* Dec. 30, 2008, amended paragraph (g)(6)(ii), effective Feb. 1, 2009; *75 FR 29, 32,* Jan. 4, 2010, amended paragraph (g)(8), effective Jan. 4, 2010.]
NOTES APPLICABLE TO ENTIRE TITLE:
CROSS REFERENCES: Other regulations implementing section 401 of the Federal Election Campaign Act of 1971 appear in:
Office of the Secretary, Department of Transportation: 14 CFR part 374a
Federal Communications Commission: 47 CFR part 64 (subpart H), *47 CFR §§ 73.1910-73.1944*
Interstate Commerce Commission: 49 CFR part 1325

2015 words