UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL CASE NO. 1:11-CR-161-1 |
| JOHNNY REID EDWARDS | ) |
| | ) |
| | ) |

## JOHN EDWARDS' MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS INDICTMENT ALLEGATIONS FOR CHARGING DEFECTS
(Motion to Dismiss No. 5)

### NATURE OF MATTER BEFORE THE COURT

Mr. Edwards moves to dismiss portions of the Indictment for failing to charge valid crimes for which he may be prosecuted. Specifically: (1) the Indictment charges Mr. Edwards with crimes in Counts 2 through 5 that did not occur in this Judicial District and thus violate the venue requirements of Article III, Section 2, the Sixth Amendment of the Constitution and Federal Rules of Criminal Procedure 12 and 18; (2) Counts 2 through 5, by alleging that Mr. Edwards "aided and abetted" the illegal receipt of campaign contributions, charge him with an impossibility under the law because, as the principal charged in the Indictment, he cannot "aid and abet" himself in committing the alleged crime; and (3) Counts 1 through 3 are defective because $375,000 of the $725,000 alleged to have been illegally contributed by Person C (Rachel Mellon) was not "received" until after Mr. Edwards ended his campaign for the Presidency and therefore

could not have been "campaign contributions" intended to influence the outcome of a federal election.

## STATEMENT OF FACTS[1]

### Improper Venue

Counts 1 through 5 of the Indictment are based on alleged contributions that came from two sources -- Person C (Rachel Mellon) and Person D (Fred Baron). Although venue does exist with respect to the charges concerning the alleged contributions from Ms. Mellon (Counts 2 & 3), venue does not exist in the Middle District of North Carolina as to any of the alleged contributions from Mr. Baron (Counts 4 & 5). In essence, the Indictment alleges that Mr. Baron (in Texas) paid for various expenses for people when they were travelling away from their homes in the Middle District of North Carolina (e.g., travelling to California). Indeed, the government alleges that Mr. Baron's contributions were payments for hotel and/or house rentals in Santa Barbara and San Diego, California and Hollywood, Florida, and for flights between California and Colorado. (Indict. ¶ 29.) The only alleged contribution by Mr. Baron with any North Carolina connection is a flight to Fort Lauderdale, Florida from Raleigh, North Carolina, but Raleigh is in the Eastern (not the Middle) District of North Carolina. (Id.) Accordingly, venue is not appropriate in this District as to any of the alleged

---

[1] The statement of facts is more fully stated in MTD No. 1.

2

contributions by Mr. Baron charged in Counts 4 and 5, and those allegations must be dismissed from Count 1 of the Indictment.[2]

### Defective "Aiding and Abetting" Charges

Counts 2 through 5 of the Indictment allege that Mr. Edwards "knowingly and willfully accepted contributions . . . in excess of the limits of the Election Act" from two sources, Ms. Mellon and Mr. Baron, and then repeat boilerplate language at the end of each Count alleging that Mr. Edwards "did aid and abet said offense." The aiding and abetting language is legally impossible in this context. As the candidate alleged to have accepted illegal campaign contributions, Mr. Edwards could not have aided and abetted himself in committing the charged offense. As it cannot be clear if the grand jury agreed to a finding of probable cause based on Mr. Edwards being a principal or as an aider and abetter, this count must be dismissed.

### The Mischarged "Receipt" of the "Contributions" Alleged to be Illegal

Counts 1 through 3 charge that Mr. Edwards "accepted and received" illegal campaign contributions from Ms. Mellon. (Indict. ¶¶ 35, 37, 38 & 39.) Among the illegal campaign contributions that are alleged in the Indictment are checks which were not "accepted" and "received" by being deposited until <u>after</u> Mr. Edwards ended his

---

[2] As noted in Mr. Edwards' Motion to Dismiss the Conspiracy Count (<u>see</u> MTD No. 4), Count 1 alleges two separate conspiracies -- one between Mr. Edwards and Ms. Mellon and the other between Mr. Edwards and Mr. Baron. Because none of Mr. Baron's alleged contributions were received in the Middle District of North Carolina, venue still would not be appropriate in this District even if the government were to charge a separate conspiracy between Mr. Edwards and Mr. Baron.

3

campaign. (Indict. ¶¶ 23f, 23g; Count 2 & 3; see also ¶ 31 (explaining Mr. Edwards ended his campaign in January 2008).) Consequently, those payments could not have been "accepted" and "received" by a candidate for the purpose of influencing the election, as Mr. Edwards was no longer a candidate at all.

## QUESTIONS PRESENTED

1. Should the alleged contributions received from Mr. Baron that are charged in Counts 1, 4 and 5 of the Indictment be dismissed for lack of venue because the Indictment reveals that those alleged contributions were not received in this District but were received "elsewhere"?

2. Should the "aiding and abetting" allegations charged in Counts 2 through 5 of the Indictment be dismissed on the ground that Mr. Edwards could not have aided and abetted his own "receipt" of an allegedly illegal contribution?

3. Should the charges relating to the "contributions" made by Ms. Mellon on December 12, 2007 and January 23, 2008 in Counts 1 through 3 be dismissed because they were not "received" until after the campaign had ended?

## ARGUMENT

### I. VENUE IS IMPROPER AS TO COUNTS 1 THROUGH 5 WITH RESPECT TO ALLEGED CONTRIBUTIONS FROM MR. BARON

It is beyond dispute that "[q]uestions of venue in criminal cases . . . are not merely matters of formal legal procedure." United States v. Johnson, 323 U.S. 273, 276 (1944).

> Article III of the Constitution requires that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been

committed." Art. III, § 2, cl. 3. Its command is reinforced by the Sixth Amendment's requirement that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed," and is echoed by Rule 18 of the Federal Rules of Criminal Procedure ("prosecution shall be had in a district in which the offense was committed.").

United States v. Rodriguez-Moreno, 526 U.S. 275, 278 (1999); see Skilling v. United States, 130 S. Ct. 2896, 2913 (2010). "When multiple counts are alleged in an indictment, venue must be proper on each count. Venue on a count is proper only in a district in which an essential conduct element of the offense took place." United States v. Babb, 369 Fed. Appx. 503, 509 (4th Cir. 2010) (internal citation omitted); see United States v. Root, 585 F.3d 145, 155 (3d Cir. 2009) ("[V]enue must be proper for each count in the indictment."); United States v. Salinas, 373 F.3d 161, 163 (1st Cir. 2004) ("The government initiates criminal prosecutions and, thus, has first crack at selecting the venue. When that choice is challenged, the government must prove by a preponderance of the evidence that venue is proper as to each individual count."). "The criminal law does not recognize the concept of supplemental venue." Id. at 164.

The Indictment in Counts 1 through 5 alleges multiple grounds for the conspiracy and campaign contribution counts. Where the government has alleged multiple grounds for liability within a single count (i.e., each alleged contribution), each separate ground must be treated as a separate offense and venue must be established for each one. See, e.g., Illinois v. Vitale, 447 U.S. 410, 420-21 (1980) (when multiple bases for committing

5

a single offense are charged, each must be evaluated as a stand-alone charge); Whalen v. United States, 445 U.S. 684, 694 (1980) (same).

Venue is determined based "on the nature of the crime alleged and the location of the act or acts constituting it." Rodriguez-Moreno, 526 U.S. at 279; see United States v. Cabrales, 524 U.S. 1, 6-7 (1998). As the Department of Justice recognizes: "The campaign financing statutes focus on the 'making' and 'receiving' of contributions and expenditures, and venue generally lies where a prohibited transaction was made or received." DOJ, Federal Prosecution of Election Offenses 199 (2007) (emphasis added); see United States v. Chestnut, 533 F.2d 40, 47 (2d Cir. 1976) (venue for receiving illegal campaign contribution is where the contribution was received). Indeed, the Department of Justice itself recognizes "that serious difficulties may be encountered in establishing a centralized venue over multi-district FECA violations." Federal Prosecution of Election Offenses 199.

In this case, the government ignored its own warning of these "serious difficulties" when it decided to bring these unprecedented charges against Mr. Edwards; rather, it took a constitutionally impermissible short-cut and charged all the alleged violations in this District. The government did so even though there is no basis for this District being the appropriate venue for contributions alleged to have been made by Mr. Baron from Texas and alleged to have been received in California, Colorado and Florida. The Indictment does not even purport to allege a contact between this District and these contributions.

Instead, the Indictment itself calls attention to this flaw in the substantive counts. It lists the location of each expenditure by Mr. Baron in paragraph 29 and, notably, not a single one of those expenditures shows any connection to the Middle District of North Carolina. (Indict. ¶¶ 29a-29i.) Rather, according to the Indictment, the "receipt" of Mr. Baron's contributions occurred in Raleigh, Florida, Colorado and California.

Perhaps in recognition of this defect, the government attempts to invoke the concept of "supplemental" venue by alleging that the various charged offenses took place "in the Middle District of North Carolina <u>and elsewhere</u>." (Indict. ¶¶ 35, 37, 39, 41.) Because "[t]he criminal law does not recognize the concept of supplemental venue," <u>Salinas</u>, 373 F.3d at 164, the government cannot use the allegation that some contributions were received in the Middle District of North Carolina to confer venue on this Court for charges relating to contributions that are alleged to have been received "elsewhere." The Constitution and Rules of Criminal Procedure require that crimes allegedly committed "elsewhere" be tried "elsewhere."

## II. MR. EDWARDS CANNOT BE CHARGED WITH AIDING AND ABETTING HIS OWN RECEIPT OF ALLEGEDLY ILLEGAL CONTRIBUTIONS AS ALLEGED IN COUNTS 2 THROUGH 5

Counts 2 through 5 of the Indictment allege Mr. Edwards "knowingly and willfully accepted and received contributions . . . in excess of the limits of the Election Act" from two sources, Ms. Mellon and Mr. Baron. (Indict. ¶¶ 35, 37, 39, 41.) As in most indictments, the prosecutors then threw in a single line at the end of each Count

7

alleging that Mr. Edwards "did aid and abet said offense." (Id.) It is only a crime for a <u>candidate</u> to accept illegal campaign contributions and Mr. Edwards is the only candidate alleged to have done so. Consequently, a charge that he aided and abetted his own conduct is a legal impossibility. If Mr. Edwards did not accept illegal campaign contributions as a principal, there is no other candidate for Mr. Edwards to have aided and abetted in accepting the contributions. Thus, the government's charge that Mr. Edwards aided and abetted the acceptance of contributions must fail. <u>See, e.g.</u>, <u>Nye & Nissen v. United States</u>, 336 U.S. 613, 620 (1949) (aiding and abetting is "a rule of criminal responsibility for acts which one assists another in performing"). Put simply, because Mr. Edwards cannot have assisted himself in receiving an illegal contribution, he cannot be charged with aiding and abetting himself in these violations. Because it is not possible to determine if the grand jury agreed to charge Mr. Edwards as a principal or as an aider and abetter, these counts must be dismissed.

### III. MR. EDWARDS CANNOT BE CHARGED WITH RECEIVING ILLEGAL CONTRIBUTIONS FROM MS. MELLON THAT WERE NOT RECEIVED UNTIL AFTER THE CAMPAIGN ENDED

It is an uncontested principle of campaign law that a campaign contribution is not received until it is deposited. <u>See, e.g.</u>, <u>United States v. Chestnut</u>, 533 F.2d 40, 48 (2d Cir. 1976) ("Until the checks were deposited, the campaign debt was not discharged and no unlawful contribution had been received."). <u>Chestnut</u> "stands for the proposition that, for the purposes of establishing criminal liability, a campaign contribution, regardless of

8

when it is physically delivered and regardless of when it is physically received, only comes into being when it is unequivocally accepted. . . . [A]cceptance marks the completion of the crime with the fact and the date of deposit evidencing proof of acceptance." United States v. Hankin, 607 F.2d 611, 619-20 (3d Cir. 1979) (Garth, J., dissenting).

Here, $375,000 of the money received by Andrew Young alleged to have been an illegal campaign contribution to Mr. Edwards was not deposited until <u>after</u> the campaign ended on January 30, 2008. As such, and assuming *arguendo* that the contribution was both illegal and was received by Andrew Young when the check was deposited, there can be no crime of receipt of an unlawful campaign contribution because the campaign had ended. At that point, while a transfer of money between private citizens may be governed by other laws, the federal election laws do not apply because Mr. Edwards was no longer a candidate for a federal office. Again, because the grand jury indicted based on a non-crime with respect to the majority of funds provided by Ms. Mellon and we cannot know whether the grand jury would have indicted otherwise, Counts 1 through 3 must be dismissed.

## **CONCLUSION**

The government has charged Mr. Edwards with crimes for which there is no venue in the Middle District, with crimes that are legally impossible and with crimes that fall outside the election laws cited in the Indictment. Consequently, he requests that this

9

Court dismiss all allegations and counts based upon monies provided by Fred Baron (Counts 1, 4 and 5), dismiss all allegations and counts based on aiding and abetting the receipt of illegal campaign contributions (Counts 2 through 5), and dismiss all allegations and counts charging him with the receipt of monies paid by Ms. Mellon that were not received until after the campaign had ended (Counts 1 through 3).

Dated: September 6, 2011

/s/ James P. Cooney III
James P. Cooney III, N.C. Bar No. 12140
jcooney@wcsr.com
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wells Fargo Center
Suite 3500, 301 South College Street
Charlotte, NC 28202-6037
(704) 331-4980 (phone)
(704) 338-7838 (fax)

/s/ Abbe David Lowell
Abbe David Lowell, *pro hac vice*
ADLowell@Chadbourne.com
Christopher D. Man, *pro hac vice*
CMan@Chadbourne.com
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, DC 20036
(202) 2974-5600 (phone)
(202) 974-5602 (fax)

/s/ Wade M. Smith
Wade M. Smith
THARRINGTON SMITH LLP
209 Fayetteville Street Mall
Raleigh, NC 27602
Email: WSmith@tharringtonsmith.com
(919) 821-4711 (phone)
(919) 829-1583 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2011, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS INDICTMENT ALLEGATIONS FOR CHARGING DEFECTS (Motion to Dismiss No. 5)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Brian Scott Meyers
U.S. Attorney's Office – EDNC
Terry Sanford Federal Building
310 New Bern Avneue, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Fax: (919) 856-4487
Email: brian.s.meyers@usdoj.gov

David V. Harbach
U.S. Department of Justice
Public Integrity Section
1400 New York Avenue, NW, Suite 1800
Washington, DC 20005
Telephone: (202) 262-7597
Fax: (202) 514-3003
Email: david.harbach@usdoj.gov

Jeffrey E. Tsai
U.S. Department of Justice
Public Integrity Section
1400 New York Avenue, N.W., Suite 1800
Washington, DC 20005
Telephone: (202) 307-0933
Fax: (202) 514-3003
Email: jeffrey.tsai@usdoj.gov

Robert J. Higdon
U.S. Attorney's Office – EDNC
Terry Sanford Federal Building
310 New Bern Avenue, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Fax: (919) 856-4487
Email: bobby.higdon@usdoj.gov

        /s/ James P. Cooney III
        James P. Cooney III (NCSB # 12140)
        Womble Carlyle Sandridge & Rice, PLLC
        One Wells Fargo Center
        Suite 3500, 301 South College Street
        Charlotte, NC 28202
        Telephone: (704) 331-4980
        Email: jcooney@wcsr.com

        *Attorney for Defendant*

Date: September 6, 2011