FEDERAL ELECTION COMMISSION
Washington, DC  20463

October 4, 1976

Re:  AOR 1976-84

Mr. William E. Schluter
205 South Main Street
Pennington, New Jersey 08534

Dear Mr. Schluter:

This letter is in response to yours of September 8 and September 10, 1976, in which you request an advisory opinion concerning payments by a family member for a Federal candidate's living expenses.  Specifically, you ask whether as a Federal candidate you may receive funds for "subsistence" from family members to the extent that your own income has been reduced because of time spent campaigning.  You further inquire whether such payments, if allowable, must be fully disclosed in your candidate reports.

The Commission concludes that such subsistence payments would constitute a "contribution" for purposes of the Federal Election Campaign Act of 1971, as amended ("the Act").  Therefore, the payments would be disclosed in your reports and the amount contributed by any individual with respect to any election must not exceed $1,000. 2 U.S.C. §§434b, 441a(a)(1).[*]

A "contribution" is defined, in part, as a "gift, subscription, loan, advance, or deposit of money or anything of value made <u>for the purpose of influencing the nomination, for election, or election, of any person to Federal office.</u>"  [Emphasis added.] 2 U.S.C. §431(e)(1).  The Commission believes that such a purpose would be evident in the situation you describe.  The family member's subsistence payments would be prompted by your candidacy.  The direct result of such payments would be that you could devote more time to work for your election.  Furthermore, the receipt of the funds might allow you to use more of your personal assets for campaign expenditures.  See

---

[*] Under the Commission's proposed regulation, §101.3, a candidate may be relieved of the duty to file personal reports of receipts and expenditures related to the campaign if he or she agrees to certain conditions and if the principal campaign committee includes all items on its reports and does so in a timely fashion.  See the Commission's response to AOR 1976-76, copy enclosed.

AO 1976-70, a copy of which is enclosed. Therefore, even if the funds from the family member would be used solely for routine living expenses, the inescapable conclusion is that the subsistence payments would be made for the purpose of influencing your election to Federal office within the meaning of the Act.

As you point out, the Commission's proposed regulations provide that an "expenditure" under the Act does not include "[a]ny payments by the candidate from non-campaign funds for routine living expenses of the candidate which would have been incurred without candidacy, including food and residence." §100.7(b)(10). However, this regulation does not address the question of the source of the noncampaign funds. Perhaps a more relevant section of the proposed regulations is §110.10. This section states that, except for Presidential candidates receiving public financing, candidates may make unlimited expenditures from personal funds. The following definition is given:

> (b)     For purposes of this section, "personal funds" means--
>
> (1)     Any assets to which at the time he or she became a candidate the candidate had legal and rightful title, or with respect to which the candidate had the right of beneficial enjoyment, under applicable State law, and which the candidate had legal right of access to or control over, including funds from immediate family members; and
>
> (2)     Salary and other earned income from bona fide employment; dividends and proceeds from the sale of the candidate's stocks or other investments; bequests to the candidate; income from trusts established before candidacy; income from trusts established by bequest after candidacy of which the candidate is the beneficiary; gifts of a personal nature which had been customarily received prior to candidacy; proceeds from lotteries and similar legal games of chance. [Emphasis added.]

The clear import of §110.10 is that a candidate may not make unrestricted expenditures (which, of course, would not include payments for routine living expenses) from gifts other than those customarily received prior to his candidacy. Even though the payments you propose would be used only for living expenses, the rationale of §110.10 would apply. There would be no basis for allowing a candidate to receive unlimited donations, specifically prompted by this candidacy, to pay for his living expenses when the candidate would be precluded from using the same donated funds for his campaign expenses.

This response relates to your opinion request but may be regarded as informational only and not as an advisory opinion since it is based in part on proposed regulations of the Commission which must be submitted to Congress. The proposed

regulations mentioned above were submitted to Congress on August 3, 1976.  They may be prescribed in final form by the Commission only if not disapproved either by the House or the Senate within 30 legislative days from the date received by them.  2 U.S.C. §438(c).

Sincerely yours,

(signed)
Vernon W. Thomson
Chairman for the
  Federal Election Commission

Enclosures