

FEDERAL ELECTION COMMISSION
Washington, DC 20463

September 1, 1978

AO 1978-40

Mr. Thomas E. Jagger, Treasurer
Ray Kogovsek for Congress
127 First National Bank Building
Pueblo, Colorado 81003

Dear Mr. Jagger:

This responds to your letter of June 21, 1978, requesting an advisory opinion concerning application of the Federal Election Campaign Act of 1971, as amended ("the Act") and applicable regulations regarding loans received by a candidate for personal and family living expenses during the period when he was evaluating his candidacy.

Your letter states that on June 1, 1977, Ray Kogovsek's position as a paralegal was abolished and that he needed funds for his personal and family living expenses while evaluating his candidacy. During the month of June 1977, before his decision to seek nomination or election to the United States House of Representatives, Mr. Kogovsek borrowed a total of $3,900 from ten individuals. A note was executed for each loan. The proceeds were placed in a separate checking account. All withdrawals from the account were made for personal and family living expenses. Mr. Kogovsek announced his candidacy and filed FEC Form 2, statement of candidacy, after he borrowed the money.

Specifically, you ask if these loans are contributions under the Act. If so, you ask how the loans and expenditures from the loan proceeds for personal living expenses are to be reported, and by whom? Finally you ask what "procedures" and "specific forms" the candidate must file to be in compliance with the Act.

The Commission concludes that these loans are contributions for purposes of the Act. Therefore the loans must be disclosed in reports filed by the Ray Kogovsek For Congress Committee, and the amount contributed (loaned) by any individual with respect to any election must not exceed $1,000.[1] 2 U.S.C. 434(b), 441a(a)(1).

Candidate status may arise before candidacy is publicly declared or before an FEC Form 2 is filed. 2 U.S.C. 431(b) defines "candidate", in part, as an individual who seeks nomination for

---

[1] A loan from an individual is a contribution as long as it is outstanding and unpaid by the candidate or committee to whom the loan was made. 11 CFR 100.4(a)(1)(i). As it is repaid, the individual lender is no longer charged with a contribution for limit purposes under 2 U.S.C. 441a.

election, or election, to Federal office . . . and . . . an individual shall be deemed to seek nomination for election, or election, if he has –

> (1) taken the action necessary under the law of a State to qualify himself for nomination for election, or election to Federal office; or

> (2) received contributions or made expenditures... with a view of bringing about his nomination for election, or election to such office.

A "contribution" is defined in part, as a "gift, subscription, loan, advance, or deposit of money or anything of value made for the purpose of influencing the nomination, for election, or election, of any person to Federal office." 2 U.S.C. 431(e)(1). A limited exception to that definition is recognized in Commission regulation 100.4(b)(1) where it is stated that the term contribution does not include payments made for the purpose of determining whether an individual should become a candidate, if the individual does not otherwise become a candidate. If, however, the individual subsequently becomes a candidate, the payments are contributions and must be reported with the first appropriate report filed regardless of the date the payments were made. 11 CFR 100.7(b)(2) is a similar exception for expenditures.

In this instance you state that, during June 1977, Mr. Kogovsek was evaluating his candidacy. Reports filed by the Ray Kogovsek for Congress Committee, show contributions received in April 1977 and both contributions and expenditures in June 1977. Although these may have been payments made for the purpose of determining whether he should become a candidate; the fact that he did become a candidate has the effect of making these payments contributions and expenditures for purposes of the Act as of the date the transactions occurred.

As already stated, a contribution in defined, in part, as a "gift . . . loan . . . or anything of value made for the purpose of influencing the nomination, for election, or election, of any person to Federal office." The Commission has previously held that funds provided to a candidate to be used solely for personal living expenses and subsistence of the candidate and his family are contributions for purposes of the Act if the funds are not "personal funds" under Commission regulations, 110.10(b).[2]

This section states that, except for Presidential candidates receiving public financing, candidates may make unlimited expenditures from personal funds. The following definition is given:

> (b) for purposes of this section, "personal funds" means—

> (1) Any assets to which at the time he or she became a candidate the candidate had legal and rightful title, or with respect to which the candidate had the right of beneficial enjoyment under applicable State law, and which the candidate had legal right of access to or control over, including funds from immediate family members; and

---

[2] See the Commission's response to Advisory Opinion Request 1976-84 and Advisory Opinion 1976-70, copies enclosed.

(2) Salary and other earned income from bona fide employment; dividends and proceeds from the sale of the candidate's stocks or other investments; bequests to the candidate; income from trusts established before candidacy; income from trusts established by bequest after candidacy of which the candidate is the beneficiary; gifts of a personal nature which had been customarily received prior to candidacy; proceeds from lotteries and similar legal games of chance.

The thrust of 110.10 is that a candidate is expending campaign contributions rather than personal funds, unless the funds involved are assets to which he or she had legal and rightful title or the right of beneficial enjoyment at the time he or she became a candidate, or unless the funds were personal assets under 110.10(b)(2). The same rationale would apply to the proceeds of loans received by a candidate, although used only for personal living expenses, since using this test those loans are not personal funds, but are contributions under the Act. Accordingly, the loans must be reported giving the information specified in 2 U.S.C. 434(b)(5). See also 104.2(b)(5) of Commission regulations and supplemental reporting instructions for loans to candidates (copy enclosed).

Since the $3,900 in loans constitute contributions rather than personal funds, the expenditures for personal living expenses from the $3,900 must be reported in accord with 2 U.S.C. 434(b)(9) and 104.2 of the Commission regulations.[3] Mr. Kogovsek may be identified as the person to whom the expenditure was made and the purpose of the expenditure may be described as personal and family living expenses during a stated time period. 104.2(b)(9).

Your final question concerns the procedures to be followed to comply with the Act in connection with the described loans. Since the loans fall within 100.4(b)(1) of the regulations, which requires that contributions be reported with the first report filed by the candidate or principal campaign committee, the committee should file an amendment to its first report within the next 15 days listing both the loans, and payments made from the loan proceeds, in the manner discussed above.

This response constitutes an advisory opinion concerning the application of a general rule of law stated in the Act, or prescribed as a Commission regulation, to the specific factual situation set forth in your request. See 2 U.S.C. 437f.

Sincerely yours,

(signed)
Joan D. Aikens
Chairman for the
Federal Election Commission

Enclosures

---

[3] As contributions, the loan proceeds constitute campaign funds not personal funds. Therefore, the reporting exemption in 100.7(b)(10) of Commission regulations for payments of routine living expenses from "non-campaign funds" would not apply in the circumstances you have presented.