

FEDERAL ELECTION COMMISSION
Washington, DC 20463

February 10, 1983

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

ADVISORY OPINION 1982-64

Ronald R. Hein
Ron Hein for Congress Committee
6031 SW 24th Terrace
Topeka, Kansas 66614

Dear Mr. Hein:

This responds to your letter dated November 28, 1982,[1] requesting an advisory opinion for yourself and for your principal campaign committee, Ron Hein for Congress (the "Committee"), regarding application of the Federal Election Campaign Act of 1971, as amended (the "Act"), to the solicitation of funds to repay outstanding loans used for living expenses during your campaign and used for consolidation of pre-campaign personal debt.

Your request sets forth the following facts:

You participated as a candidate in the 1978 Republican congressional primary election held on August 1, 1978. You lost that election. In order to pay for your living expenses during the primary campaign period, and to consolidate pre-existing personal debts, you obtained in March 1978 a $4,607 bank loan secured by your own assets and later by a second mortgage on your house. In May 1978, during your campaign, you obtained a $9,607 loan which incorporated the March loan. Between May and November 1978 the loan was increased to $13,220. Presently the outstanding loan principal is $15,000. You state that all of your payments on the loan have been for interest, and none have been applied to principal. Most of the increases in the amount of the loan after November 1978 (from $13,220 to $15,000) have been to cover accrued interest that you were unable to pay.

The proceeds of this loan, you state, were used for your living expenses during the campaign except for an unspecified portion of the initial loan ($4,607) that was to consolidate personal debts incurred before your campaign began. You explain that the loan was treated by you and the

---

[1] Your signed letter requesting an advisory opinion was received at the Commission on December 22, 1982.

Committee as personal funds in that the loan proceeds were never commingled between your personal account and the accounts of the Committee, and you intended to repay the loan with personal funds. Finally, you note that your only personal contributions to the Committee were $25 in cash and in kind contributions of office equipment.

You now propose to accept donations from family or friends for the purpose of liquidating the loan. You ask specifically whether you need to report the loan proceeds or any expenditures made therefrom. Assuming the debt may be treated as personal, you also ask whether contributions to retire it may be solicited from family or friends.

    Your questions raise the following two issues:

1) Would the limits and prohibitions of the Act apply to funds that you or the Committee solicit and receive to repay a bank loan that was used for your personal living expenses during your 1978 campaign for Federal office?

2) To what extent, if at all, would previous reports filed by the Committee have to be amended?

The Commission concludes that to the extent the outstanding loan balance ($15,000) represents debt incurred with respect to your candidate status, and unpaid interest on such debt, it may be assigned to the Committee. It may then be retired with contributions that are solicited, received, and reported in accordance with the limits, prohibitions, and disclosure requirements of the Act and Commission regulations. The outstanding loan balance as assigned should be disclosed on the next report required to be filed by the Committee. The name of the bank from which you obtained the loan should be listed along with other specified information concerning the transaction(s). 11 CFR 104.3(a)(4)(iv), 104.3(d).

The foregoing conclusion with respect to application of the Act's limits and prohibitions is based upon the Commission's determination that your current proposal to raise funds from others to retire the loan effects a change in the nature of the loan from "personal funds" to campaign funds.[2] If you were to pursue your original plan to repay the loan with "personal funds," then the fact that you obtained the loan to defray personal expenses during your campaign would not have any consequences under the Act. Commission regulations provide that living expenses paid by a candidate from "personal funds" are not expenditures for purposes of the Act. 11 CFR 100.8(b)(22), see 11 CFR 100.7(b)(8). With respect to those funds which a candidate receives in connection with candidacy, and during the course of the campaign, the term "personal funds" is limited to salary and other earned income from bona fide employment, investment income, certain trust income and, of particular relevance here, "gifts of a personal nature which had been customarily received prior to candidacy...". 11 CFR 110.10(b)(2). You have not presented any facts that would establish a basis for concluding that the donations you now wish to solicit from

---

[2] That portion of the $15,000 loan balance (including interest thereon) that represents your consolidation in March 1978 of personal debts (not related to your candidacy) need not be assigned to the Committee and may retain its character as personal funds not subject to the Act.

family and friends would be gifts of a personal nature customarily received before candidacy, or that they would otherwise be "personal funds" under the cited regulations.

There are additional reasons why the Commission is unable to agree with your contention that the funds you propose to solicit at this time should be treated as personal funds. In several previous opinions the Commission has considered whether funds donated or paid to a candidate during a campaign that are designated specifically for the candidate's personal (and family) living expenses would be subject to the limits and prohibitions of the Act and Commission regulations. The Commission concluded that such funds would be so limited. Advisory Opinions 1978-40, 1976-70, and the Commission's response to Advisory Opinion Request 1976-84, copies enclosed. In these opinions the Commission articulated several factors in support of its conclusion that the funds were contributions under the Act: receipt of funds for living expenses would free-up other funds of the candidate for campaign purposes, the candidate would have more time to spend on the campaign instead of pursuing his or her usual employment, and the funds would not have been donated but for the candidacy. Two of those factors appear to have been present in your case at the time you obtained the loan. You left your employment to have more time to campaign and you obtained the loan(s) because of your campaign activity. Your usual compensation was substantially reduced when you left your law firm to devote more time to your campaign; hence you took the loan to make up for that lost income.

The fact that you obtained a loan to defray living expenses during your campaign, rather than gifts, as was the situation in the opinions cited above, is immaterial. It is also immaterial that you propose to solicit funds to repay the loan long after the conclusion of your 1978 campaign. Funds raised to retire a campaign related debt resulting from a bank loan are just as much contributions as are funds raised to pay campaign expenses during the course of the campaign.[3] In addition, contributions designated to retire debts from past elections are subject to the applicable limits from that election. 11 CFR 110.1(g).

With respect to the question of whether previous reports filed by the Committee require amendments in view of the Committee's assumption of the outstanding loan obligation, the Commission concludes that amendments are only required to the extent that contributions to retire this debt may have been received during a past reporting period. For example, if such contributions were received in the first six months of 1982, the mid year report due on July 31, 1982, would have to be amended to reflect those contributions, as well as the inclusion of the outstanding loan in question.

The Committee's assumption of the outstanding loan does not involve retroactively changing the manner in which a previous transaction of a political committee was reported. Nor does it give you status as a creditor of the Committee. In addition, the loan assumption would occur while the Committee has continuing reporting obligations with respect to the 1978 primary election, rather than after the termination of the 1978 campaign committee. These facts distinguish this opinion

---

[3] In this connection the Commission has repeatedly held that the Act permits campaign contributions to be spent for the living expenses of a candidate during the course of a campaign. See Advisory Opinion 1980-49 and opinions cited therein.

from the situation presented in Advisory Opinion 1977-58. Also, <u>see</u> Advisory Opinion 1977-43 and compare Advisory Opinion 1979-5, copies enclosed.

Accordingly, given your statement that your original intent was to repay the subject loan with your personal funds and that only recently have you decided to solicit funds from others, the Commission concludes that the assignment of the loan to the Committee would not involve an impermissible retroactive change in the characterization of a campaign related financial transaction. However, as discussed above, the assignment of this loan results in the creation of a new Committee obligation that must be reported and liquidated in accordance with the Act and Commission regulations.

This response constitutes an advisory opinion concerning application of the Act, or regulations prescribed by the Commission, to the specific transaction or activity set forth by your request. <u>See</u> 2 U.S.C. 437f.

    Sincerely yours,

    (signed)

    Danny L. McDonald
    Chairman for the Federal Election Commission

Enclosures (AOs 1980-49, 1979-5, 1978-40, 1977-43, Re: AOR 1976-84 and 1976-70)