

FEDERAL ELECTION COMMISSION
Washington, DC 20463

June 14, 2000

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

ADVISORY OPINION 2000-08

Philip D. Harvey
DKT International
1120 19th Street, N.W.
Washington, DC 20036

Dear Mr. Harvey:

This refers to your letters dated March 31, 2000 (received at the Commission on April 25) and February 18, requesting advice on the application of the Federal Election Campaign Act of 1971, as amended ("the Act"), and Commission regulations to your proposal to make monetary gifts to one or more candidates.

**FACTS**

You state that you are interested in making a gift to an individual who is also a candidate for Federal office. This individual is neither a personal friend nor a relative, and you have never before given this individual a gift. You assert that, under the tax code, you may make a non-taxable gift of $10,000 to anyone. You further state that your purpose for making the gift is your desire, as a citizen of the United States, to show your gratitude that the individual, to whom you would like to make a personal gift, is seeking Federal office, and is willing to engage in a difficult and time-consuming campaign. You explain that you do not always agree with this Federal candidate's positions, and do not wish to directly support his campaign. You further assert that you will not make the gift to influence a Federal election.[1] Instead, you wish to make the gift "to express my deep appreciation to this individual for foregoing opportunities in the private sector in order to serve his country."

---

[1] It also appears that your proposed gift would not be received or deposited or reported by the candidate's campaign committee.

You state you are willing to put such restrictions on the gift as may be necessary to preclude the donee from using any of the proceeds to defray campaign expenses. You also state your intention that the gift be used solely for the candidate's personal expenses. You explain that you would be willing to make the gift anonymously, so as to preclude even the appearance that you are trying to curry favor with a candidate for Federal office. You further indicate that you have made contact with two candidates for Federal office who would be willing to accept your anonymous gifts, not to be used for campaign purposes, if the Commission advises you "that the gifts will not violate the campaign finance laws." You also state that the candidates contacted are not now officials or employees of either State or Federal government.

You ask whether your proposed gifts would be subject to the political contribution limits found in the Act and Commission regulations.

**ACT AND COMMISSION REGULATIONS**

The Act and Commission regulations define the term "contribution" to include a gift or "deposit of money" by any person for the purpose of influencing any election for Federal office. 2 U.S.C. §431(8)(A)(i), 11 CFR 100.7(a)(1). No person shall make contributions to any candidate and that candidate's authorized committees with respect to any election for Federal office which, in the aggregate, exceed $1,000. 2 U.S.C. §441a(a)(1)(A), 11 CFR 110.1(b).

With limited exceptions, candidates for Federal office may make unlimited campaign expenditures from personal funds. 11 CFR 110.10(a).[2] For purposes of section 110.10, the definition of "personal funds" includes salary and other earned income from bona fide employment; dividends and proceeds from the sale of the candidate's stocks or other investments; bequests to the candidate; income from trusts established before candidacy; income from trusts established by bequest after candidacy of which the candidate is the beneficiary; gifts of a personal nature which had been customarily received prior to candidacy; proceeds from lotteries and similar legal games of chance. 11 CFR 110.10(b)(2).

The Act and Commission regulations also prohibit the conversion of campaign funds to any personal use. 2 U.S.C. §439a, 11 CFR 113.2(d). Notwithstanding that the use of funds for a particular expense would be a personal use, payment of that expense by any person other than the candidate or the campaign committee shall be a contribution to the candidate, unless the payment would have been made irrespective of the candidacy. 11 CFR 113.1(g)(6). Examples of payments considered to be irrespective of the candidacy include, but are not limited to, situations where:

---

[2] Presidential candidates who accept Federal funds for their general election campaigns or their primary campaigns are limited in the amount of personal funds they may use for campaign expenditures. 26 U.S.C. §§9004(d) and 9035(a); 11 CFR 9003.2(c) and 9035.2.

      (i) The payment is a donation to a legal expense trust fund established in accordance with the rules of the United States Senate or the United States House of Representatives;

      (ii) The payment is made from funds that are the candidate's personal funds as defined in 11 CFR 110.10(b), including an account jointly held by the candidate and a member of the candidate's family;

      (iii) Payments for that expense were made by the person making the payment before the candidate became a candidate.

**APPLICATION TO PROPOSAL**

      The Commission notes your statement that you do not intend that your "gift" to a Federal candidate would influence a Federal election. However, while you assert that you are not making the gift to support the candidacy of the recipient, you concede that it would be donated in recognition and support of that person's desire to run for office. Your statement makes clear that the proposed gift would not be made but for the recipient's status as a Federal candidate; it is, therefore, linked to the Federal election. Accordingly, this gift would be considered a contribution under the Act and Commission regulations.

      From the perspective of the recipient candidate, this gift would be treated as a contribution even with the conditions you offer: a gift given anonymously and with the condition that the funds be only used for "personal expenses."[3] As the cited Commission regulations provide, campaign funds cannot be converted to personal use. 11 CFR 113.2(d). Under 11 CFR 113.1(g)(6), payment by a third person of a candidate's personal expenses during the campaign would be considered a contribution by the third person (you, in this case) to that candidate, unless the payment would be made irrespective of the candidacy.[4] Again, your gift is tied to the individual's decision to seek Federal office. Your motivation for making the gift, to reward the candidate for his decision to run, would not come within any of the examples described at 11 CFR 113.1(g)(6) which allows some (non-contribution) payments to a Federal candidate.[5] In particular, these gifts could not be viewed as constituting personal funds of a candidate under 11 CFR 110.10(b), since they would not be "gifts of a personal nature which had been

---

[3] For the reasons discussed elsewhere in this opinion, your willingness to make an anonymous gift makes no difference on the question of whether it would be made for the purpose of influencing a Federal election or would instead represent only an augmentation of the candidate's personal funds.

[4] Even prior to the current regulations at 11 CFR 113.1(g), the Commission had consistently viewed gifts or loans made to a candidate to pay his personal expenses, where such funds were given because the candidate was running for office, as contributions to his campaign. *See* Advisory Opinions 1982-64 and 1978-40, and the Commission's response to Advisory Opinion Request 1976-84.

[5] For a recent application of 11 CFR 113.1(g)(6), *see* Advisory Opinion 2000-01. In that opinion, the Commission concluded that a law firm's payment of half salary to an attorney employed with the firm who was a Federal candidate, where the attorney was not performing work for the firm, would be a contribution to the candidate's campaign.

AO 2000-08
Page 4

customarily received prior to candidacy." 11 CFR 110.10(b)(2); *compare* Advisory Opinion 1988-07 [candidate allowed to accept $20,000 personal gift from parents who had made similar annual gifts to him in three year period before his candidacy].

Therefore, since these proposed gifts would be considered campaign contributions under the Act and Commission regulations, the contribution limits would apply to them. 2 U.S.C. §441a(a)(1)(A), 11 CFR 110.1(b). As an individual, you are not permitted to make contributions to a Federal candidate, including the candidate's authorized political committees, with respect to any election for Federal office which, in the aggregate, exceed $1,000 per election. *Id.*[6]

This response constitutes an advisory opinion concerning the application of the Act, or regulations prescribed by the Commission, to the specific transaction or activity set forth in your request. *See* 2 U.S.C. §437f.

Sincerely,

(signed)

Darryl R. Wold
Chairman

Enclosures (AOs 2000-01, 1988-07, 1982-64, 1978-40, and Re: AOR 1976-84)

---

[6] The Commission notes that, as an individual, you are not permitted to make total contributions to Federal candidates and political committees "aggregating more than $25,000 in any calendar year." 2 U.S.C. §441a(a)(3) and 11 CFR 110.5.