IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-CR-161-1 |
| | ) | |
| JOHNNY REID EDWARDS | ) | |

**GOVERNMENT'S PROPOSED HEARING QUESTIONS FOR THE
DEFENDANT REGARDING ATTORNEY CONFLICTS**

The Government respectfully requests that the Court include the following questions in its examination of defendant John Edwards, pursuant to the procedures outlined in *United States v. Curcio*, 680 F.2d 881, 888-91 (2d Cir. 1982). In addition, the Government respectfully requests that the Court address the defendant personally and seek to elicit narrative answers from the defendant. *See, e.g.*, *United States v. Akinseye*, 802 F.2d 740, 745 (4th Cir. 1986).

A.  **Introductory Questions**

    1.    How old are you?

    2.    How far did you go in school?

    3.    Are you currently taking any medication?

    4.    Are you now under the care of a doctor for any physical or mental condition?

    5.    Within the past 24 hours, have you taken any alcohol, drugs, or pills of any kind?

B.  **Circumstances of Representation**

6. Do you understand that you are being prosecuted by the United States Government?

7. Are you currently represented by Abbe D. Lowell, Esq.?

8. Are you satisfied with Mr. Lowell's services so far?

9. Are you also currently represented by James P. Cooney, III, Esq., and Christopher Man, Esq.?

10. Have you received and carefully reviewed a copy of the Government's Motion for a Hearing to Inquire into Potential Conflicts of Interest, filed on October 7, 2011? Did you review that Motion with Mr. Lowell and discuss its contents with him? Did you review that Motion and discuss it with your other attorneys as well? How much time did you spend discussing with your attorneys the issues raised in the Motion?

11. Based on your review of that Motion, do you understand that it is possible that during the course of trial testimony, activities or statements of Mr. Lowell prior to his representation of you could be discussed?

12. In particular, do you understand that Mr. Lowell's involvement in communications with Rielle Hunter concerning payments by Fred Baron and/or Ms. Hunter's desire that you help pay her legal fees could be discussed?

13. Based on your review of that Motion, do you understand that Mr. Lowell previously represented Lisa Blue and Harrison Hickman?

14. Do you also understand, based on your review of the Motion, that Ms. Blue and/or Mr. Hickman may be called by the Government as witnesses against you at the trial of this matter?

15. Do you understand that you have an absolute right to confront and cross-examine all of the Government's witnesses at trial?

16. Do you understand that, because Mr. Lowell previously represented Ms. Blue and Mr. Hickman, Mr. Lowell would not be permitted to disclose to you or to anyone else any attorney-client privileged information that he may have received from Ms. Blue or Mr. Hickman, or any other client? Do you also understand that Mr. Lowell cannot call into question the credibility or character of Ms. Blue or Mr. Hickman, because he owes them a continuing duty of loyalty?

17. Because Mr. Lowell is ethically bound not to disclose to you or anyone else any attorney-client privileged information told to him by his former clients during his representation of them, Mr. Lowell cannot use any such information to assist you in your defense. Do you understand that?

18. Do you understand that Mr. Lowell's continuing duty of loyalty to Ms. Blue and Mr. Hickman may potentially impact his advice to you regarding the following:

-3-

a. what defenses you should raise;

b. whether you should testify at trial, if there is a trial;

c. which witnesses should be cross-examined at trial, and what questions they should be asked;

d. which witnesses to call, and what other evidence to offer, on your behalf;

e. which arguments to make on your behalf to the jury; and

f. if you are convicted, which arguments to make to me, and what facts to bring to my attention, at your sentencing.

Do you understand these examples I have given?

19. Do you understand that, under the applicable law in this Circuit, I may decide that neither Mr. Lowell nor Mr. Man will be permitted to cross-examine either Ms. Blue or Mr. Hickman at trial, or make arguments to the jury that impugn their credibility or character?

20. Do you understand that even if I allow Mr. Lowell to cross-examine Ms. Blue or Mr. Hickman at the trial, Mr. Lowell's cross-examination, and any jury arguments he might make about Ms. Blue or Mr. Hickman, could be affected by their prior attorney-client relationship and Mr. Lowell's resultant continuing duty of loyalty to them? Do you understand that it will be difficult for you, and even for Mr. Lowell, to

-4-

identify precisely how or in what respect his cross-examination or jury arguments might be affected by this past relationship and the continuing ethical duties that accompany it?

21. Do you understand that the greatest danger to you is the inability to foresee all of the conflicts that may arise?

22. Tell me in your own words what your understanding is of the potential conflicts of interest arising in this situation.

23. Have you had the opportunity to consult with an independent lawyer – meaning not Mr. Lowell or Mr. Man – about these questions?

24. Do you understand that, in every criminal case, including this one, the defendant is entitled to assistance of counsel whose loyalty to him is undivided, who is not subject to any factor that might in any way intrude upon an attorney's loyalty to his interests? In other words, do you understand that you are entitled to an attorney who has only your interests in mind, and not the interests of anyone else?

25. Have you received any inducements, promises or threats with regard to your choice of counsel in this case?

26. Do you understand that you have a right to consult with a lawyer other than Mr. Lowell and Mr. Man in order to determine whether you wish Mr. Lowell to continue representing you?

27. As you have acknowledged, you have engaged for this case another lawyer besides Mr. Lowell and Mr. Man – Mr. Cooney. Nevertheless, I advise you that if

-5-

you wish, the Court will appoint another lawyer for this limited purpose – and that lawyer will not be associated with Mr. Lowell. Do you understand that?

28. Do you have any questions that you want to ask me about these possible conflicts of interest or the decision you will have to make concerning these possible conflicts of interest?

29. I am now going to give you some time to consult with Mr. Cooney (or other independent counsel), to discuss these possible conflicts of interest with him/her.

## STAGE TWO
(After a period of consultation)

30. After considering the ways in which Mr. Lowell's prior representation of Ms. Blue and Mr. Hickman may adversely affect his representation of you, do you believe it is in your best interests to continue with him as your attorney? Is that what you wish to do?

31. Do you understand that, by choosing to continue with Mr. Lowell as your attorney, you are waiving your right to attorneys who do not have a conflict of interest?

32. Would you like some more time to think about these matters?

33. Do you understand what a "waiver" is? Tell me in your own words what it means in your situation.

34. Are you knowingly and voluntarily waiving your right to conflict-free representation?

35. Having now waived any potential conflict of interest inherent in Mr. Lowell's continued representation of you in this case, do you agree to waive any argument, on appeal or otherwise, that by virtue of Mr. Lowell's continuing duties of confidentiality and loyalty to his former clients, or by virtue of Mr. Lowell's activities prior to his representation of you being the subject of trial testimony, you were denied effective assistance of counsel?

36. Is there anything that I have said that you wish to have explained further?