IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-161 |
| | ) | |
| JOHNNY REID EDWARDS | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Compel Discovery filed under seal by Defendant John Edwards, pursuant to Federal Rules of Criminal Procedure 6 and 16. (Doc. 80.) Mr. Edwards seeks to compel the government to produce certain information relating to grand-jury proceedings in the Middle District of North Carolina. (*Id.* at 1.) On October 27, 2011, the Court denied the Motion in substantial part, reserving ruling on the request for "any instructions or charge given the Grand Jury relating to the issuance of th[e] Indictment." Upon further consideration, the Court in its discretion denies the rest of the Motion.

Federal Rule of Criminal Procedure 6(e)(2) generally prohibits the disclosure of a "matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2); *see In re Grand Jury Proceedings*, 800 F.2d 1293, 1298 (4th Cir. 1986) ("The traditional rule of grand jury secrecy is codified in Rule 6, Fed. R. Crim. P."); *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979) ("[Rule 6(e)] confirms the long-established policy of maintaining the secrecy of grand jury proceedings."). Grand-jury instructions are "matter[s] occurring before the grand jury." *See, e.g.*, *United States v. Columbo*, No. 04 CR. 273(NRB), 2006 WL 2012511, at *3 (S.D.N.Y. July 18, 2006); *United States v. Stein*, 429 F. Supp. 2d 633, 640 (S.D.N.Y. 2006); *United States v. Hooks*, No. 05-20329 B, 2005 WL 3370549, at *15 (W.D. Tenn. Dec. 12, 2005); *United States v. Welch*, 201 F.R.D. 521, 523 (D. Utah 2001); *United States v. Johnson*, Nos. 93-CR-39A, 92-CR-

39A, 1994 U.S. Dist. LEXIS 20360, at *18–20 (W.D.N.Y. Aug. 9, 1994), *adopted by* 886 F. Supp. 1057 (W.D.N.Y. 1995); *United States v. Keystone Auto. Plating Corp.*, No. 83-306, 1984 U.S. Dist. LEXIS 20623, at *17 (D.N.J. Jan. 9, 1984); *United States v. Graham Mortg. Corp.*, 564 F. Supp. 1239, 1247 (E.D. Mich. 1983); *United States v. Hart*, 513 F. Supp. 657, 658–59 (E.D. Pa. 1981). "The instructions to the grand jury are intimately associated with the deliberation and judgement [sic] aspects of the grand jury function." *Welch*, 201 F.R.D. at 523.

The Court agrees and concludes that the instructions to the grand jury are intimately associated with the work of the grand jury and clearly occur before the grand jury.

Since instructions "occur before the grand jury" and are protected by Rule 6(e)'s secrecy provisions, disclosure is prohibited unless an exception applies. *See* Fed. R. Crim. P. 6(e)(3)(E). Disclosure is permissible in exceptional cases when (1) "the material . . . is needed to avoid a possible injustice in another judicial proceeding"; (2) "the need for disclosure is greater than the need for continued secrecy"; and (3) "the[] request [for disclosure] is structured to cover only material so needed." *Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979); *accord United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2007). Courts must conduct a fact-specific inquiry to determine whether disclosure is appropriate. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 445 (1983).

Because grand-jury proceedings enjoy a presumption of regularity, *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974), the movant must make "a strong showing of a particularized need." *Sells Eng'g, Inc.*, 463 U.S. at 443; *accord United States v. Silva*, 745 F.2d 840, 846 (4th Cir. 1984). This generally requires a showing "'that the grand jury materials contain information which is absolutely necessary, rather than simply beneficial to [his] action, and that the information contained therein could not have been obtained through normal

discovery channels.'" *Sun Dun Inc. of Wash. v. United States*, 766 F. Supp. 463, 467 (E.D. Va. 1991) (quoting *Lucas v. Turner*, 725 F.2d 1095, 1102 (7th Cir. 1983)).

Conclusory or speculative allegations about flaws in the grand-jury proceeding are not enough. *See United States v. Chase*, 372 F.2d 453, 466 (4th Cir. 1967) (holding that the "mere possibility" of inconsistent testimony is not sufficient to show a particularized need). Nor is an "[i]nvocation of general constitutional rights," *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 616 n.6 (E.D. Va. 2004), or a "broad-based concern for . . . pre-trial preparation," *In re Grand Jury Proceedings*, 503 F. Supp. 2d 800, 804–05 (E.D. Va. 2007); *accord United States v. Stroop*, 121 F.R.D. 269, 275–76 (E.D.N.C. 1988). Finally, a recitation of concerns that arise in every criminal case is insufficient. *Sells Eng'g, Inc.*, 463 U.S. at 443.

Mr. Edwards fails to make "a strong showing of a particularized need" regarding the Court's grand-jury instructions. There is no evidence that the grand jury was improperly instructed about the law. Without some evidence, this argument consists entirely of conclusory and speculative allegations about possible flaws in the grand-jury proceeding. These allegations are insufficient to constitute particularized need and cannot overcome the presumption of regularity that attaches to grand-jury proceedings.

**IT IS ORDERED** that the Motion to Compel Discovery filed by Mr. Edwards (Doc. 80) is **DENIED** as to the request for the grand-jury instructions.

This the 21st day of December, 2011.

United States District Judge