IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-CR-161-1 |
| | ) | |
| JOHNNY REID EDWARDS | ) | |

**GOVERNMENT'S SUPPLEMENT TO ITS RESPONSE TO
DEFENDANT'S MOTION TO DISMISS INDICTMENT
ALLEGATIONS FOR CHARGING DEFECTS**

The United States of America, by and through the undersigned attorneys, respectfully supplements its response to the Defendant's Motion to Dismiss Indictment Allegations for Charging Defects as follows:

**I.    Factual and Procedural Background**

On September 6, 2011, Edwards filed a motion to dismiss alleging, in part, improper venue as to multiple counts in the Indictment. (Dkt. No. 38). The Government responded in opposition on September 26, 2011, arguing that, as to the question of venue, the Indictment is sufficient on its face, and asserting its right to present evidence at trial and to have the sufficiency of that evidence tested by a motion under Federal Rule of Criminal Procedure 29. (Dkt. No. 62 at 8-9).

The Government also argued that even going beyond the face of the Indictment, venue in this case lies squarely in the Middle District of North Carolina. Among the several facts asserted in support of that claim was the following: "As for the conduct underlying Counts Four and Five, the evidence will show that Edwards himself,

while in the Middle District, initiated the activity that forms the basis of these counts by directing Young to approach Baron to obtain funding for the effort to hide Hunter and the affair." (Dkt. No. 62 at 9-10).

On October 27, 2011, the Court orally denied the Defendant's motion. In so doing, the Court agreed with cases holding that an allegation in an indictment that an offense occurred "within this district and elsewhere" suffices to sustain it against pretrial attack. (Transcript of October 27, 2011, hearing at 10). The Court also noted that venue in the Middle District of North Carolina was "clearly alleged in this indictment, and the Court's required to accept those allegations as true for the purposes of the motion." *Id.*

The Government has recently determined that its expectation that the evidence at trial would demonstrate that Edwards was in this district when he had the conversation with Young about soliciting Baron was in error. We expect the evidence to show, instead, that the conversation took place when Edwards called Young on the telephone while Edwards was in Iowa and Young was in the Middle District.[1]

---

[1] Part of the Government's discovery of this error came from an interview of a relevant witness on January 12, 2012. During that interview, the witness provided an eyewitness account putting Edwards in Iowa on the date of the conversation in question, not in the Middle District of North Carolina. Defense counsel have recently been provided with the report of interview for this witness.

## II. Discussion

This supplement does not change the basis for the Court's denial of the pretrial motion to dismiss, namely that the face of the Indictment alleges proper venue. As this Court recognized, the law is clear that in deciding a pretrial motion to dismiss based on venue, "a court may only consider the indictment" and "a defendant may not challenge a facially valid indictment on the ground that it is not supported by adequate evidence[.]" *United States v. Varnado*, Case No. 3:06cr415, 2007 WL 2973846, at *1-2 (W.D.N.C. Oct. 9, 2007) (citations omitted). In this case, Counts Four and Five allege that the offense occurred in the Middle District and elsewhere, and the Indictment is sufficient.

Nor does this supplement mean that under a more substantive analysis venue does not properly lie here. A defendant's physical presence in a judicial district is not necessary for proper venue. Inquiry into the place of a crime may result in venue in multiple places, including "a venue in which the defendant has never set foot." *United States v. Stewart*, 256 F.3d 231, 242 (4th Cir. 2001). As set forth in the Government's Response to the Defendant's Motion to Dismiss (Dkt. No. 62), venue is appropriate in the Middle District of North Carolina for at least two reasons. First, the crimes charged in Counts Four and Five – that is, violations of 2 U.S.C. §437g(d)(1)(A)(i) – are continuing offenses under 18 U.S.C. § 3237. Second, venue is proper in this district because of Edwards' accessorial liability under 18 U.S.C. § 2.

Even if Edwards was not physically in the Middle District when he directed Young about Baron's contributions, Edwards' phone call to Young in the district suffices under either theory (continuing offense or accessorial liability). This is because telephone calls to a district can suffice to establish venue. *See, e.g.*, *United States v. Heijnen*, 149 F. App'x 165, 168 (4th Cir. 2005) (unpublished) (venue proper for wire fraud charges in South Carolina despite defendant's physical presence in New Mexico, because defendant participated in telephone conversations with undercover agents in South Carolina and sent documents by telefax). Furthermore, even if none of Edwards' accessorial acts occurred in the Middle District, venue would still be proper here because of the acts of others in the district (Young) that he induced and caused to occur. *See, e.g.*, *United States v. Smith*, 198 F.3d 377, 383 (2d Cir. 1999) (government not required to prove defendant committed any accessorial extortion acts in the Southern District of New York, where trial was held, because co-defendant's actions occurred in the Southern District).

Nevertheless, the Government believes this supplement is necessary to promptly correct its earlier statement about what we expect the evidence at trial to show. The venue allegations in the Indictment remain the same, and for the reasons discussed above, the Government expects its proof at trial will continue to support venue in this district for Counts Four and Five.

Dated:  February 8, 2012

Respectfully submitted,

| | |
|---|---|
| JOHN STUART BRUCE | JACK SMITH |
| Attorney for the United States | Chief, Public Integrity Section |
| Acting under authority | Criminal Division |
| conferred by 28 U.S.C. § 515 | U.S. Department of Justice |
| | |
| By: /s/ Robert J. Higdon, Jr. | By: /s/ David V. Harbach, II |
|     Robert J. Higdon, Jr. |     David V. Harbach, II |
|     Brian S. Meyers |     Jeffrey E. Tsai |
|     Special Attorneys |     Trial Attorneys |
|     U.S. Attorney's Office |     Public Integrity Section |
|     310 New Bern Ave., Ste. 800 |     Criminal Division |
|     Raleigh, NC 27601-1461 |     U.S. Department of Justice |
|     Tel: (919) 856-4103 |     1400 New York Ave., N.W., Ste. 12100 |
|     Fax: (919) 856-4887 |     Washington, DC 20005 |
|     bobby.higdon@usdoj.gov |     Tel: (202) 514-1412 |
|     State Bar No. 17229 |     Fax: (202) 514-3003 |

## CERTIFICATE OF SERVICE

This is to certify that on February 8, 2012, I filed the foregoing document on the Court's CM/ECF system, which will transmit a copy to the following counsel of record in this case:

James P. Cooney III
Womble Carlyle Sandridge & Rice, PLLC
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037

Abbe David Lowell
Chadbourne & Parke LLP
1200 New Hampshire Avenue, N.W.
Washington, DC 20036

/s/ David V. Harbach, II
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave., N.W., Ste. 12100
Washington, DC 20005
Tel: (202) 514-1412
Fax: (202) 514-3003