IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:11CR161-1 |
| JOHNNY REID EDWARDS, | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion for "*Rea/Parrott/Scrushy*" Type Inquiry. (Doc. 188.) The Defendant does not seek to dismiss the Indictment, suppress evidence, or exclude evidence, or otherwise request any action by the Court that relates to these charges. The Court sees no reason to spend time now on a motion that will not affect the trial.

All the cases cited by the Defendant arose in the context of motions asking the court to take specific action, related either to the case against the defendant or to a potential case against the defendant. *Rea v. United States*, 350 U.S. 214, 217-18 (1956) (holding that a district court could grant a motion to enjoin a federal agent from testifying in a state case); *Smith v. Katzenbach*, 351 F.2d 810, 815-16 (D.C. Cir. 1965) (noting that a party sought to enjoin use in criminal prosecution of information obtained during audit); *United States v. Mahaffy*, 446 F. Supp. 2d 115, 125-27 (E.D.N.Y. 2006) (denying motion to suppress evidence obtained during civil case); *United States v. Scrushy*, 366 F.

Supp. 2d 1134, 1138-40 (N.D. Ala. 2005) (granting motion to exclude evidence obtained during civil case); *United States v. Parrott*, 248 F. Supp. 196, 198-202 (D.D.C. 1965) (discussing pending motion to dismiss or to suppress evidence obtained in civil investigation); *United States v. Thayer*, 214 F. Supp. 929, 933-34 (D. Colo. 1963) (granting motion for new trial after evidence disclosed potential violation of constitutional rights); *see also United States v. Handley*, 763 F.2d 1401, 1405-06 (11th Cir. 1985) (reversing decision by trial court to grant motion to suppress deposition testimony of defendants taken in unrelated civil case).

In this case, unlike those cited cases, the Defendant "requests that the Court initiate an inquiry into the events in question and take appropriate action thereafter." (Doc. 188 at 2.) Thus, the Defendant does not contend that any evidence should be suppressed, or that the case should be dismissed as a result of the alleged conduct at issue. Indeed, the time for motions to dismiss and motions to suppress has long since passed.[1] Nor does the Motion ask that evidence be excluded at trial, though such a motion would have been timely filed up through March 16, 2012. (*See* Doc. 177 at 1 ¶ 1.) Indeed, the Defendant asks for no action at all related to the pending case; the request for an "inquiry" is not linked to the conduct of the trial or to the charges themselves.

The Defendant cites no Federal Rule of Criminal Procedure and no Federal Rule of Evidence as the basis for the Motion, nor does he direct the Court's attention to any case suggesting that a pretrial inquiry unrelated to the Defendant's trial is necessary.

---

[1] It appears from the materials provided that the defense has been aware of the information it is bringing to the Court's attention since at least mid-December 2011. (Doc. 189-8; Doc. 189-9.)

There being nothing to indicate that the results of further briefing or a hearing on the Defendant's request would have any effect on the Defendant's trial, and there being significant other demands on the time of the Court and the parties as trial approaches, the Court will hold the Defendant's request in abeyance.

It is therefore ORDERED that:

1. The government need not respond to the Defendant's Motion for "*Rea/Parrott/Scrushy*" Type Inquiry (Doc. 188), absent further order of the Court.

2. The Court will not conduct a hearing on the Motion before trial.

This the 20th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE