IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-CR-161-1 |
| | ) | |
| JOHNNY REID EDWARDS | ) | |

## GOVERNMENT'S TRIAL BRIEF

The United States of America, by and through the undersigned attorneys, respectfully submits its Trial Brief.

The charges against John Edwards in this case flow from his knowing and willful violation of the federal campaign finance laws during his campaign for the Democratic Party's nomination for President of the United States in 2007 and 2008. The laws at issue in this trial are straightforward: a federal candidate may only accept and receive a limited amount of money from any one individual during an election cycle, and he must truthfully report the money he accepts and receives.

At trial, the Government will prove that John Edwards knowingly and willfully violated these bedrock laws and that he specifically did so because public revelation of his extramarital affair and the resultant pregnancy would destroy his presidential campaign.

Through the course of pre-trial litigation the Court has addressed and received briefing from both sides on a number of legal and trial-related issues, and the

1

Government will not discuss them all again here. There are issues, however, of particular importance that the Government would like to highlight for the Court as trial begins.

**What Constitutes a Contribution Under FECA**

Under the Federal Election Campaign Act ("Election Act"), various types of payments constitute contributions – (1) any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office, is a contribution; (2) any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person for the purpose of influencing any election for Federal office, that is also made in cooperation, consultation, or concert, with, or at the request or suggestion of, a candidate, his authorized political committees, or their agents, is a contribution; and (3) payment of a personal expense by any person other than the candidate or the campaign committee, that would not have been made irrespective of the candidacy, is a contribution. *See* 2 U.S.C. § 431(8)(A)(i); 2 U.S.C. §441a(a)(7)(B)(i); 11 C.F.R. § 113.1(g)(6).

At trial, the Government will prove that Mellon's and Baron's payments constitute contributions in excess of the legal limit and that Edwards' knowing and willful acceptance and receipt of them was a crime. The evidence will show that Mellon and Baron each provided funds to Edwards for the purpose of influencing the 2008 election – *i.e.*, helping Edwards be elected President of the United States – and that Edwards knew it.

2

Case 1:11-cr-00161-CCE   Document 226   Filed 04/12/12   Page 2 of 8

Edwards contends in his trial brief that Mellon's and Baron's payments are not contributions because the funds were not for personal-use expenses of Edwards that would have existed irrespective of the campaign. His argument is a recapitulation of arguments he has made in the past, and the Government will not burden the Court with a a lengthy discussion of why his position is flawed. Suffice it to say that (1) whether a personal expense *exists* irrespective of the campaign (as Edwards alleges) is a separate question from a donor's *purpose* in paying the expense, *see* 11 C.F.R. § 113.1(g)(6) (providing that third party payment of expenses for a candidate's personal use are also contributions under the Election Act "unless the payment *would have been made* [by the donor] irrespective of the candidacy") (emphasis added), and (2) the regulation is not limited to expenses that the candidate is "legally obligated to pay." In fact, the regulation's own list of examples of *per se* personal expenses includes numerous ones that carry no legal obligation, such as "admission to a sporting event," "dues . . . at a country club," and "vacation." 11 C.F.R. § 113.1(g)(1)(i)(F), (G), and (J). Edwards' argument lacks any support in law.

Edwards also claims that the Mellon and Baron payments cannot be contributions because they were not "unambiguously related to the campaign." Again, this is nothing new. The argument rests on a faulty legal premise and has no application to contributions or coordinated expenditures. Again, without repeating a lengthy discussion of the Supreme Court's decision in *Buckley v. Valeo*, 424 U.S. 1 (1976), the "unambiguously related to the campaign" phrase arose in the context of *independent*

expenditures, and it has never been applied by the Supreme Court, much less the Fourth Circuit, as a precondition to the regulability of contributions or coordinated expenditures. *Id.* at 80.

**Edwards' Proposed Legal Expert Testimony**

In its ruling on the Government's motion to exclude the testimony of Scott Thomas and Robert Lenhard (Dkt. No. 106), the Court stated that "the motion is denied, but that's not a ruling on the merits." *See* Hrg. Tr., at 84:1-2 (12/16/2011). The Court noted that "the cases make very clear exactly how the words are used in the question [to a putative expert at trial] can be very important[.]" *Id.* at 83:6-7. Reserving a final ruling regarding Edwards' proposed experts, the Court directed Edwards' counsel not to discuss what a particular expert might say in its opening statement. *See id.* at 83:11-12.

At trial, the evidence will show that the specific campaign finance laws at issue – namely, whether Mellon's and Baron's payments were contributions under the law – have a straightforward application to the facts in this case that do not call for a "battle of legal experts." In fact, such a battle would only usurp the role of this Court in explaining the law and the role of the jury in applying that law to the facts of this case.

Edwards' experts' explication of "how the [Election] Act's provisions have been applied to circumstances of alleged contributions and expenditures" in other cases and matters entirely unrelated to this case lacks any relevance and would necessarily involve legal conclusions (pertaining to the Election Act or FEC enforcement actions) that are the exclusive province of this Court. Similarly, Edwards' experts' opining on

4

what a "reasonable person" in Edwards' position "might have known" about the "prevailing interpretation" of campaign finance laws would be equally unhelpful to the jury because such testimony is precisely the sort of legal conclusion that "would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day[.]" *United States v. Barile*, 286 F.3d 749, 759-60 (4th Cir. 2002). Edwards' belief that the Government's theory of prosecution justifies legal expert testimony flies in the face of the fundamental precept that a trial court already has its own legal expert for the application of the law: the judge. *See, e.g.*, *United States v. Wilson*, 133 F.3d 251, 265 (4th Cir. 1997).

The law weighs in favor of exclusion of Edwards' proposed experts, and his trial brief has failed to raise any legal basis for the Court to justify the admission of such testimony. At the conclusion of the Government's case-in-chief, the Government expects that the evidence will further establish that the jury will not need expert testimony to render a true verdict.

**Proposed Evidence Regarding a Government Attorney's Statement in State Court**

Edwards' suggestion in his trial brief that the Government has "admitted" the novelty of its interpretation of the Federal Election Campaign Act is nonsense. To this end, his reliance on a Government attorney's statement – that this case "deals with the application of the federal campaign finance laws and how they are to be applied going forward as well as to [Edwards'] own campaign," *Hunter v. Young*, Case No. 10 CVS 149, Hrg. Tr., at 5:25-6:2 (9/12/2011) – is entirely misplaced. The Government

5

attorney's statement reflects a fundamental truth in the common law that the disposition of a legal matter (civil or criminal) has precedential impact on subsequent legal matters going forward. *See, e.g.*, *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 280 (2009) ("Principles of *stare decisis* . . . demand respect for precedent whether judicial methods of interpretation change or stay the same.") (citation omitted). That the instant case is a significant one and will, like many cases, have a precedential impact is beyond dispute. Articulation of that basic principle is as far from an admission under Rule 801(d)(2) as Edwards claims.

In sum, the Government was in no way conceding what Edwards alleges and in fact would have no reason to do so before the state court in the first place. Instead, as the attorney who made the statement can attest to the Court, the Government was merely attempting to persuade the state court in *Hunter v. Young* to allow this important criminal case to progress without the interference that state-case discovery matters would cause. Nothing more and nothing less. As such, to the extent the defense seeks to offer evidence of such a statement at trial it should be precluded.

Dated: April 12, 2012

Respectfully submitted,

| | |
|---|---|
| JOHN STUART BRUCE<br>Attorney for the United States<br>Acting under authority<br>conferred by 28 U.S.C. § 515 | JACK SMITH<br>Chief, Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice |
| By: /s/ Robert J. Higdon, Jr.<br>    Robert J. Higdon, Jr.<br>    Brian S. Meyers<br>    Special Attorneys<br>    U.S. Attorney's Office<br>    310 New Bern Ave., Ste. 800<br>    Raleigh, NC 27601-1461<br>    Tel: (919) 856-4103<br>    Fax: (919) 856-4887<br>    bobby.higdon@usdoj.gov<br>    State Bar No. 17229 | By: /s/ David V. Harbach, II<br>    David V. Harbach, II<br>    Jeffrey E. Tsai<br>    Trial Attorneys<br>    Public Integrity Section<br>    Criminal Division<br>    U.S. Department of Justice<br>    1400 New York Ave., N.W., Ste. 12100<br>    Washington, DC 20005<br>    Tel: (202) 514-1412<br>    Fax: (202) 514-3003 |

## CERTIFICATE OF SERVICE

This is to certify that on April 12, 2012, I filed the foregoing document on the Court's CM/ECF system, which will transmit a copy to the following counsel of record in this case:

Alan W. Duncan
Allison O. Van Laningham
Smith Moore Leatherwood LLP
P.O. Box 21927
Greensboro, NC 27420

Abbe David Lowell
Chadbourne & Parke, LLP
1200 New Hampshire Avenue, N.W.
Washington, DC 20036

/s/ Brian S. Meyers
Special Attorney
U.S. Attorney's Office
310 New Bern Ave., Suite 800
Raleigh, NC 27601-1461
Tel: (919) 856-4035
Fax: (919) 856-4887