UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL CASE NO. 1:11-CR-161-1 |
| JOHNNY REID EDWARDS ) | |
| ) | |
| ) | |

### MR. EDWARDS' MOTION TO ADMIT TAPE RECORDING OF FEC PROCEEDINGS

### INTRODUCTION

The government has objected to the admission of an FEC proceeding that addresses issues of relevance and importance in the case, Defendant's Exhibit 1096. Mr. Edwards is charged with causing false reports of a "material fact" to the FEC by not reporting the payments by Mr. Baron and Ms. Mellon as campaign contributions as part of a trick, scheme or device. Because the FEC is aware of the issue and has explained that the payments would not need to be reported, even if the jury finds that the alleged payments were unlawful campaign contributions, those statements by the FEC are certainly probative as to whether the FEC has been tricked or the failure to report the payments as contributions is "material." As such, those statements are admissible.

On July 21, 2011 the commissioners of the FEC reviewed the Proposed Audit Division Recommendation Memorandum on John Edwards for President, Inc. in open session. The FEC referenced the Indictment in this case (with Count 6 included), and its relevance to the FEC's audit of the campaign. The Commission considered whether it

should close the record on the audit or whether it should leave the record open pending the outcome of this case. Ordinarily, once a campaign recognizes that it has made an error in a report (for example, by failing to report contributions), the campaign files an amended report. FEC Commissioner Donald McGahn raised the issue of whether the record should remain open, in the event the jury finds that the payments should have been reported as contributions. But he explained there is no reason to leave the record open in this case because, no matter what the jury concludes, the FEC concludes those payments would not be reportable as campaign contributions. Commissioner McGahn stated that "it's odd for me to say that the transaction is a campaign transaction" and also stated "I'm not sure that [the monies paid by Mellon and Baron are] a reportable--actually I can say [the monies paid by Mellon and Baron are] not a report--in my view [the monies paid by Mellon and Baron are] not reportable." No member of the Commission objected to Commissioner McGahn's assessment, and the Commission voted to adopt the Audit Division's recommendation to close the record unanimously.

## ARGUMENT

### A. The Tape Is Relevant

The tape is relevant because it credits Mr. Edwards' defense that the FEC was not tricked with respect to the payments by Mr. Baron or Ms. Mellon and that the FEC does not find the omission of the payments "material" because the FEC does not believe these payments had to be reported, or at least it was reasonable for them not to be.

1.     **The Evidence Shows There Was No Concealment Of A Material Fact**

What better evidence is there that there is no concealment of a material fact than that the agency accused of being the victim of the concealment is aware of the non-disclosure and explains that it would not want the payments reported as contributions? The fact that the FEC would not require the disclosure of the payments as contributions demonstrates that the FEC does not consider the omission material. In conjunction with the testimony of Lora Haggard, this completes the thought.

Nor has the government been deceived in any way. If this was an actual false statement case, that moment of the "false" statement would be frozen in time. That is not the case under the government's theory. In fact, the indictment itself states a time period into 2009 and the same exact reports -- on the issues of Mrs. Mellon and Mr. Baron -- were filed from 2007 to last month. And, in fact, it was the government with its witnesses that actually first brought up the audit and the Requests for Additional Information (RFAI) and put the case forward. In this light, the FEC's not being tricked or information not being concealed from it is relevant.

2.     **The Evidence Supports the "Reasonableness" Of Mr. Edwards' Belief**

To establish that the government failed to meet its burden of showing that Mr. Edwards knowingly and willfully violated the federal election laws, Mr. Edwards is not required to testify or, if he does testify, to testify as to his belief that his conduct did not violate the law. He is entitled to introduce evidence to establish that such a belief would have been reasonable. In fact, a defendant saying "I did not have to report something to

the FEC" is not as credible as the FEC doing so. It is not difficult to appreciate that a jury would be more likely to accept Mr. Edwards' claim of innocent intent if his belief appears reasonable, rather than far-fetched. The more unreasonable a belief may seem, the less likely a jury would be inclined to believe that such a belief actually was held. In a complex area that is unfamiliar to the jury, like election law, a jury's ability to appreciate what would or would not be a reasonable belief for a candidate is limited.

Here, the statements by Commissioner McGahn in explaining why the FEC as a whole voted to close the record are of particularly great value, in part, because of who is saying this. The Fourth Circuit allows evidence that will support or undermine the believability or reasonableness of a defendant's claim of innocent intent. United States v. Offill, 666 F.3d 168, 174-178 (4th Cir. 2011) (upholding use of expert to address reasonability of a defendant's claimed belief); United States v. Barile, 286 F.3d 749, 761 (4th Cir. 2002) ("Opinion testimony on whether the data submitted in a [FDA] submission were reasonable would not merely state a legal conclusion and therefore is not excludable on the ground that it invades the province of the jury.").

Such evidence is admitted and, because a defendant has a Fifth and Sixth Amendment right to a fair trial and compulsory process, the exclusion of such evidence is reversible error. United States v. Lankford, 955 F.2d 1545 (11th Cir. 1992), is illustrative. In that case, a candidate received a $1,500 payment that was used to pay his living expenses. Id. at 1547. He did not report the payment as income, and was prosecuted for filing a false tax return. Id. at 1550. The defendant claimed the payment

4

was a gift and, as such, was not taxable as income. Id. at 1551. The government claimed that the payment was a campaign contribution, rather than a gift, and that the conversion of the campaign contribution to cover living expenses required it to be treated as income. Id. The defendant sought to introduce expert testimony to explain that the defendant's interpretation of his legal obligation (i.e., that the payment was not a campaign contribution) was well-founded and reasonable. Id. at 1550-51. The District Court, based upon the same arguments the government now makes to this court, excluded the testimony. Id. at 1546. Without this testimony, the defendant was convicted. Id. The Eleventh Circuit reversed. Id.

The Eleventh Circuit explained that denial of this evidence was prejudicial because it is "highly probative for the defense to show that the defendant's belief -- whether or not it was mistaken -- was reasonable; evidence of the belief's reasonableness tends to negate a finding of willfulness and to support a finding that the defendant's belief was held in good faith." Id. at 1550-51. Looking back at the decision, the Eleventh Circuit explained that, without such evidence, "it would be difficult if not impossible for a defendant to introduce evidence specifically about his mental state. Consequently, he had to focus on providing circumstantial evidence concerning collateral matters, such as the reasonableness of his beliefs, from which the jury could infer what his mental state was." United States v. Hurn, 368 F.3d 1359, 1365 (11th Cir. 2004) (discussing Lankford).

For this critical issue of specific intent, this is relevant evidence.

5

### B. The Evidence is Authenticated

There can be no question as to the authenticity of this audio tape of an open session by the FEC, which was taped by the FEC and is maintained on the FEC's own website. See http://www.fec.gov/agenda/2011/agenda20110721.shtml. The fact that the FEC itself acknowledges that this is a recording of its official proceedings makes it a self-authenticated recording under Federal Rule of Evidence 902(4), 902(8) and 902(11). Because the recording Mr. Edwards seeks to play was obtained from the FEC and matches the recording on the FEC's website, there is "evidence sufficient to support a finding that the matter in question is what its proponent claims," which authenticates the tape under Federal Rule of Evidence 901(a). See, e.g., United States v. Zepeda-Lopez, 478 F.3d 1213, 1215 (10th Cir. 2007) (admitting audio tape of wiretap under Rule 901(a)). Because the FEC and the tape itself identify the speaker as Commissioner McGahn, his statements also are authenticated under Rule 901(b)(5) and 901(b)(7). See, e.g., United States v. Rommy, 506 F.3d 108, 137-38 (2d Cir. 2007) (authentication for transcript of wiretap authenticated under Rule 901(b)(5)).

### C. Hearsay Is No Objection

Because the FEC records its open session meetings and makes them publicly available, the tape is not hearsay under Federal Rule of Evidence 803(6) (Records of Regularly Conducted Activity). See, e.g., United States v. Suggs, 266 F. App'x 258, 262 (4th Cir. 2008) (audio tape of 911 call admitted under Rule 803(6)); United States v.

Borasi, 639 F.3d 774, 779 (7th Cir. 2011) (minutes of meeting regularly held are admissible under Rule 803(6)).

Similarly, the tape is admissible under Rule 803(8) because Commissioner McGahn's statement reflects the FEC's factual finding that there would be no reason to delay the audit to await an amended report from the campaign following the jury's verdict in this case. The Supreme Court favors a "broad approach to admissibility" under this rule, which includes statements of a "conclusion or opinion." Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 169-70 (1988).

The statement also is admissible as an admission by a party-opponent under Rule 801(d)(2). "[T]he Federal Rules clearly contemplate that the federal government is a party-opponent for the defendant in criminal cases." United States v. Kattar, 840 F.2d 118, 131 (1st Cir. 1988). Where a defendant alleges that the government has taken inconsistent positions, "the inconsistency of the government's positions . . . should [be] made known to the jury." United States v. Lopez-Ortiz, 648 F. Supp. 2d 241, 248 (D.P.R. 2009) (quoting Kattar).

In addition, under well-settled application of Federal Rule of Evidence 803(8), the FEC is the agency to be in charge of this issue, it needs not be a formal finding of that agency but a statement will suffice, and any official of the public agency can speak and that statement is admissible. See, e.g., United States v. Vidacak, 553 F.3d 344, 350 (4th Cir. 2009).

7

Case 1:11-cr-00161-CCE   Document 283   Filed 05/15/12   Page 7 of 10

### D.     The Fifth And Sixth Amendments Require Admission Of The Tape

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 689-90 (1986)).  "As a constitutional matter, a defendant's right to present a defense . . . 'includes, at a minimum, . . . the right to put before a jury evidence that might influence the determination of guilt.'  [The Ninth Circuit has] identified violations of this right where, for example, a district court has 'declared a range of defense theories off-limits, without considering in detail the available evidence it was excluding,' excluded 'key corroborative evidence' for a 'central' defense claim contesting the government's theory of prosecution, and excluded evidence refuting the government's theory of motive." United States v. War Club, 403 F. App'x 287, 289 (9th Cir. Nov. 18, 2010) (internal citations omitted).  Such an "[e]rror cannot be harmless where it prevents the defendant from providing an evidentiary basis for his defense." Id. at 290 (quoting United States v. Saenz, 179 F.3d 686, 689 (9th Cir. 1999)).

If this evidence were excluded, the Court will eliminate "key corroborative evidence" for a "central defense claim of this case, is evidence which cannot be conveyed as strongly in any other way." Id.

8

## **CONCLUSION**

Mr. Edwards should be allowed to introduce the tape of the FEC's open session of July 21, 2011.

This, the 15th day of May, 2012.

Respectfully submitted,

| | |
|---|---|
| /s/ Abbe David Lowell, *pro hac vice* | /s/ Alan W. Duncan |
| adlowell@chadbourne.com | N.C. State Bar No. 8736 |
| Christopher D. Man | alan.duncan@smithmoorelaw.com |
| cman@chadbourne.com | |
| Michael Pusateri | /s/ Allison O. Van Laningham |
| mpusateri@chadbourne.com | N.C. State Bar No. 23430 |
| | allison.vanlaningham@smithmoorelaw.com |
| | |
| CHADBOURNE & PARKE LLP | SMITH MOORE LEATHERWOOD LLP |
| 1200 New Hampshire Ave., NW | Post Office Box 21927 |
| Washington, DC 20036 | Greensboro, NC 27420 |
| Telephone: 202-974-5600 | Telephone: (336) 378-5200 |
| Facsimile: 202-974-5602 | Facsimile: (336) 378-5400 |

*Attorneys for Defendant Johnny Reid Edwards*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system May 15, 2012, which will send notification of such filing to the following:

    David V. Harbach, II (david.harbach@usdoj.gov)
    Jeffrey E. Tsai (jeffrey.tsai@usdoj.gov)
    Robert J. Higdon, Jr. (bobby.higdon@usdoj.gov)
    Brian Scott Meyers (brian.s.meyers@usdoj.gov)

    *United States Department of Justice*

    /s/ Allison O. Van Laningham

    N.C. State Bar No. 23430
    Attorney for Defendant Johnny Reid Edwards
    SMITH MOORE LEATHERWOOD LLP
    Post Office Box 21927
    Greensboro, NC 27420
    Telephone: (336) 378-5200
    Facsimile: (336) 378-5400
    E-mail: allison.vanlaningham@smithmoorelaw.com