IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-CR-161 |
| | ) | |
| JOHNNY REID EDWARDS | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL JURY INSTRUCTIONS

Members of the Jury:

You have heard all the evidence, and it will soon be your duty to find the facts of this case and then to apply the law that I am about to give you to those facts. Once I have instructed you on the law, you will go to the jury room and begin your deliberations. You will have the duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant, John Edwards, guilty of the offenses charged in the Indictment.

You are to make your decision only on the basis of the testimony and other evidence presented here in this courtroom during the trial, and you are not to be influenced in any way by bias, sympathy, or prejudice for or against Mr. Edwards or for or against the government.

You also must follow the law as I explain it to you—whether you agree with that law or not—and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law. It would be a violation of your duty as jurors to base any part of your verdict on your personal opinions about what the law ought to be, or on any view of the law different from what my instructions are.

You may remember that I gave you some brief instructions at the very beginning of the case about the law that applies in this matter. The instructions I am giving you now are much more detailed, and they should guide you in your deliberations. While I don't think there are any differences, should you remember my earlier instructions in a way that is different from these instructions, you should follow the instructions I am giving you now.

The indictment against a defendant is not evidence of guilt. It is simply a summary of the charges that initiates the criminal prosecution against a person. Mr. Edwards has denied all the charges by his plea of Not Guilty, and he is presumed innocent.

Indeed, every defendant is presumed by the law to be innocent. The law does not require any defendant to prove his innocence, to call any witnesses, or to produce any evidence at all. The government must prove all elements of a charged

offense, and the proof must be beyond a reasonable doubt. If the government fails to carry this burden of proof, you must find Mr. Edwards not guilty.

This is a heavy and strict burden, the highest in the law and higher than the burden of proof in civil cases; but it does not require the government to prove a defendant's guilt beyond all possible doubt. The test is one of reasonable doubt.

The law presumes that reasonable doubt is a concept within the ordinary competence of a jury, that is, that you will be able to apply reasonable doubt according to its plain, ordinary, and everyday meaning. Therefore, I will not define any further what is, or is not, reasonable doubt.

Let me just note that you have some special questions to answer regarding venue. On those issues, the burden of proof on the government is by the preponderance of the evidence. This is a lower burden of proof, and the government must prove only that it is more likely than not that venue exists in the Middle District. As to all elements of the six crimes charged, however, the burden of proof is the higher standard of beyond a reasonable doubt.

Generally speaking, I will define terms for you as we go through the instructions. If I do not give you a specific definition of a term or phrase, you should apply the ordinary English meaning of the word or words. I will tell you a little about a few words that I will use repeatedly throughout the instructions here before we get started.

3

As to some elements, the government has to prove that Mr. Edwards acted knowingly. This means that he acted intentionally and voluntarily, not out of ignorance, mistake, accident, or carelessness. As to some elements, the government has to prove that Mr. Edwards acted willfully. This goes beyond proof of knowing acts, and requires proof that Mr. Edwards acted with the knowledge that his course of conduct was unlawful and with the intent to do something the law forbids.

I will also talk from time to time about proof of someone's intent, purpose, or motive. These things are not ordinarily proved directly, since it is difficult if not impossible to have direct proof of the workings of the human mind. In deciding what someone intended at any particular time, you may consider any statements made or acts done or not done by that person and all other facts and circumstances surrounding the events at issue in deciding what a person's intent, motive, or purpose was. You may decide, but are not required to decide, that a person intends the natural and likely consequences of acts done knowingly or acts knowingly omitted.

## CHARGES

With that introduction, let's turn to the charges. I am going to begin with Count 2 and go through Count 6, and then I will return to Count 1. Count 1 is the conspiracy charge, and the law on it will incorporate a lot of the law I will give you

on Counts 2-6, so I think it makes more sense to do it this way. You have a copy of the Verdict Form in front of you, to assist you in following along with me. Each Count charges the Defendant with a different crime. You must consider each Count separately and return a separate verdict of guilty or not guilty for each.

This is a case in which Mr. Edwards is charged with several violations of federal campaign finance laws. Before we talk about specifics, let me remind you of some of the general requirements of federal campaign finance laws with potential relevance to this case.

Generally and broadly speaking, campaign finance laws do three things. First, the campaign finance laws impose restrictions on how much money a candidate or a campaign committee can take from any one person. Second, these laws impose restrictions on how the campaign committee can spend money. Third, the campaign finance laws impose reporting requirements so that all contributions over $200 in each election cycle are listed by the campaign committee in reports required to be filed with the Federal Election Commission.

In this case, there are no charges related to improper spending of campaign funds by the campaign committee, and the government does not allege that the campaign committee itself spent money on expenses that federal law says are improper. The other two categories, however, are at issue in this case. Specifically, the government alleges that Mr. Edwards knowingly and willfully

5

accepted and received contributions in excess of the amount allowed by federal law while he was running for President of the United States. The government also alleges that he caused the John Edwards for President Committee to file false reports that did not list these contributions. Finally, the government alleges that Mr. Edwards entered into a conspiracy with others to commit these two crimes. There are a total of six charges in the Indictment. Mr. Edwards denies all six charges.

In Counts 2 through 5 of the Indictment, Mr. Edwards is charged with accepting illegal campaign contributions, in violation of federal campaign finance laws. Count 2 concerns contributions the government says Mr. Edwards received from Rachel Mellon in 2007. Count 3 concerns 2008 and Ms. Mellon. Count 4 concerns contributions the government says Mr. Edwards received from Fred Baron in 2007. Count 5 concerns 2008 and Mr. Baron.

The general rule was that during the primary or general election for the 2008 cycle, a candidate for federal office could receive contributions of no more than $2,300 from any one individual. So, for the primary election and again for the general election, there was a $2,300 limit per contributor, which was a total of $4,600.

## Count 2:  Illegal Campaign Contributions:  2007/Ms. Mellon

In order to find Mr. Edwards guilty of Count 2, the government must prove, beyond a reasonable doubt, the following three elements:

1.  First, that Mr. Edwards was a candidate for federal office, specifically for President of the United States;

2.  Second, that while a candidate, Mr. Edwards accepted or received, or willfully caused another to accept or receive on his behalf, campaign contributions from Rachel "Bunny" Mellon that totaled $25,000 or more during calendar year 2007; and

3.  Third, that Mr. Edwards acted knowingly and willfully.

As to the first element, the government must prove beyond a reasonable doubt that Mr. Edwards was a candidate for federal office, specifically for President of the United States.  A candidate for federal office includes someone seeking a political party's nomination for the presidency.

As to the second element, the government must prove beyond a reasonable doubt that, while a candidate, Mr. Edwards accepted or received, or willfully caused another to accept or receive on his behalf, contributions from Rachel "Bunny" Mellon that totaled $25,000 or more during calendar year 2007.   So, let's break that down.

Case 1:11-cr-00161-CCE   Document 288   Filed 05/18/12   Page 7 of 45

As part of this second element, the government has to prove that Ms. Mellon made a contribution. A contribution is any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for federal office. Whether the money Ms. Mellon provided to Mr. Young through Mr. Huffman was provided by Ms. Mellon for the purpose of influencing an election is a factual question you will decide from the credible evidence. You will consider any evidence about the intent, motivation, and goals of Ms. Mellon, evidence about the statements made surrounding the solicitation and acceptance of the money, how the money was actually spent, and other evidence of all the surrounding circumstances, and determine whether this money was given by Ms. Mellon for the purpose of influencing an election.

The government does not have to prove that the sole or only purpose of the money was to influence the election. People rarely act with a single purpose in mind. On the other hand, if the donor would have made the gift or payment notwithstanding the election, it does not become a contribution merely because the gift or payment might have some impact on the election. Nor does it become a contribution just because the donor knew it might have some influence on the election and found that acceptable, if the donor's real purpose was personal or otherwise unrelated to the election. In other words, the government has to prove that Ms. Mellon had a real purpose or an intended purpose to influence an election

in making the gift or payment.  If her real purpose was personal or otherwise not for the purpose of influencing the election, or if you cannot say what the purpose was beyond a reasonable doubt, then that would not be sufficient to satisfy this element.  If you find beyond a reasonable doubt that one of her purposes was to influence an election, then that would be sufficient.

The government does not have to prove that Ms. Mellon had any intent or knowledge as to exactly how the money would be spent, or that the money was in fact spent on the campaign, or that it would have been legal or illegal for the campaign to spend the money the way the money was in fact spent.  While you may consider how the money was spent as part of your consideration of whether the money was provided for the purpose of influencing an election, it is not an element of the offense that the money be spent on purposes related to the election.

As part of this second element, the government has to prove that Mr. Edwards accepted or received the contribution, or that he caused someone else to accept or receive the contribution.  You should give the words "accept" and "receive" their ordinary English meanings.  You should consider the form of the payment, the circumstances of its delivery, if, when, and how it came into the control of Mr. Edwards or his agent, and all the other surrounding circumstances in determining whether it was accepted or received.

The government does not have to prove that the contribution was received by the campaign itself. The government does not have to prove that Mr. Edwards himself personally accepted or received the money, though of course that would be sufficient. It would also be sufficient, however, if the government proves beyond a reasonable doubt that Mr. Edwards willfully caused another person to accept or receive the contribution on his behalf. As a general rule, whoever willfully causes an act to be done that, if directly performed by him would be a crime, is treated as if he had committed the crime directly himself. So Mr. Edwards had to have knowledge of what his agent was doing, in relevant part though not necessarily as to every detail, and he had to have knowledge of the donor's purpose. In other words, if Mr. Edwards willfully caused the acts or conduct of another by willfully ordering, directing, commanding, inducing, or authorizing the other person's conduct, the law holds him responsible for that conduct just as if it had been personally done by him.

It is not necessary that the agent—that is, the person or persons who actually committed the act—be convicted for you to find Mr. Edwards guilty.

As part of this second element, the government must prove beyond a reasonable doubt that, during calendar year 2007, Ms. Mellon contributed a total of $25,000 or more to Mr. Edwards for the purpose of influencing the election.

Third and finally, the government has to prove beyond a reasonable doubt that Mr. Edwards acted "knowingly and willfully."  The word "knowingly" means acting voluntarily and intentionally, not by mistake or accident or other innocent purpose.  The word "willfully" goes beyond that and requires proof that Mr. Edwards acted with knowledge that his course of conduct was unlawful and with the intent to do something the law forbids, and again not by mistake or accident.  In other words, a person acts "willfully" when he acts with a bad purpose to disobey or disregard the law, rather than in good faith.

In determining whether Mr. Edwards acted knowingly, you may consider whether he deliberately closed his eyes to what would otherwise have been obvious to him.  If you find beyond a reasonable doubt that Mr. Edwards acted with a conscious purpose to avoid learning the truth—here, the truth about the details of the money Mr. Young obtained from Ms. Mellon—and not because he was merely negligent, foolish, or mistaken, the element that Mr. Edwards acted knowingly may be satisfied.  I want to caution you, however, that the element of willfulness cannot be satisfied in this manner.  If you find that Mr. Edwards was aware of a high probability of certain facts and that he acted with deliberate disregard of those facts, then you may find that he acted knowingly.  If, however, you find that he actually believed that the facts were not true, you may not find that he acted knowingly with respect to those facts.  And, to repeat, this kind of

11

evidence is not sufficient to prove willfulness; willfulness requires proof beyond a reasonable doubt that Mr. Edwards acted with knowledge that his course of conduct was unlawful.

Summary—Count 2

So, on Count 2, before you can find Mr. Edwards guilty, the government must prove beyond a reasonable doubt that, while he was a candidate for president, Mr. Edwards knowingly and willfully accepted or received, or knowingly and willfully caused another to accept or receive on his behalf, contributions from Ms. Mellon that totaled $25,000 or more during calendar year 2007.

## **Count 2: Venue**

If you find Mr. Edwards Guilty on Count 2, then you must turn to the question of venue. The government bears the burden of proof on this issue as well, but it is a lower standard of proof than beyond a reasonable doubt. Instead, the government must satisfy you by the preponderance of the evidence. A preponderance of the evidence means that something is more likely true than not true.

So, in connection with Count 2, the government must prove by the preponderance of the evidence that an act in furtherance of the crime occurred in the Middle District of North Carolina. The crime is the acceptance or receipt of

12

excessive campaign contributions in 2007 from Ms. Mellon, that is, the crime set forth in Count 2.   The Middle District includes Chapel Hill, which is in Orange County.  The Middle District also includes 23 other counties.  I will give you a written list of the other 23 counties.  You will remember that Wake County, which includes Raleigh, is not in the Middle District.

The government need not necessarily prove that the crime itself was committed in this district or that Mr. Edwards was present here when the crime was committed.  It is sufficient to satisfy this element if Mr. Edwards' act causing the crime or causing any other act in furtherance of the crime occurred within this district.  If you find that the government has not established this by the preponderance of  the evidence, then you should answer this sub-issue "No," which will result in acquittal.  If you are satisfied by the preponderance of the evidence, then you should answer this sub-issue Yes, in favor of the government.

### Count 3:  Illegal Campaign Contributions:  2008/Ms. Mellon

In order to find Mr. Edwards guilty of Count 3, the government must prove, beyond a reasonable doubt, the following three elements:

1. First, that Mr. Edwards was a candidate for federal office, specifically for President of the United States;

13

2.  Second, that while a candidate, Mr. Edwards accepted or received, or willfully caused another to accept or receive on his behalf, campaign contributions from Rachel "Bunny" Mellon that totaled $25,000 or more during calendar year 2008; and

3.  Third, that Mr. Edwards acted knowingly and willfully.

I have already explained these three elements to you in some detail in connection with Count 2, and the law is the same on Count 3. I will add a couple of points.

First, the government has to prove that Mr. Edwards accepted or received, or willfully caused another to accept or receive on his behalf, contributions that totaled $25,000 or more during calendar year 2008, while he was a candidate for federal office. So, you obviously cannot include any money received in 2007. However, Mr. Edwards' actions in causing another to accept or receive a contribution, if you find that he did, need not have occurred in 2008, and indeed it can be the same action that caused another to accept or receive contributions in 2007. So, the only thing that has to happen in 2008 is the acceptance or receipt of a contribution, and of course it must have been accepted or received while Mr. Edwards was a candidate for the presidency, not afterwards. These elements, of course, the government must prove beyond a reasonable doubt, along with all the other elements.

Summary—Count 3

So, on Count 3, before you can find Mr. Edwards guilty, the government must prove beyond a reasonable doubt that, while he was a candidate for president, Mr. Edwards knowingly and willfully accepted or received, or knowingly and willfully caused another to accept or receive on his behalf, contributions from Ms. Mellon that totaled $25,000 or more during calendar year 2008.

## Count 3:  Venue

If you find Mr. Edwards Guilty on Count 3, then you must turn to the question of venue.  The law is the same here as it is on the venue issue on Count 2, so you will need to decide if the government has proved by a preponderance of the evidence that an act in furtherance of the crime in Count 3 occurred in the Middle District of North Carolina.   If so, you will answer this issue Yes, and if not, you will answer the issue No, which will result in acquittal.

## Count 4:  Illegal Campaign Contributions:  2007/Mr. Baron

In order to find Mr. Edwards guilty of Count 4, the government must prove, beyond a reasonable doubt, the following three elements:

1. First, that Mr. Edwards was a candidate for federal office, specifically for President of the United States;

2. Second, that while a candidate, Mr. Edwards accepted or received, or willfully caused another to accept or receive on his behalf, campaign contributions from Fred Baron that totaled $25,000 or more during calendar year 2007; and

3. Third, that Mr. Edwards acted knowingly and willfully.

I have already explained these three elements to you in some detail in connection with Counts 2-3, and the law is the same on Count 4. I will supplement with some additional points specific to this Count and Count 5.

You will recall that I told you a contribution is any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for federal office. The definition of contribution is, however, broader than that. It also includes certain kinds of expenditures by a third person, and specifically it includes any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person for the purpose of influencing any election for federal office, if made in cooperation, consultation, or concert with, or at the request or suggestion of, a candidate or his agent. In other words, a contribution includes money or funds given or provided for the purpose of influencing an election, and it also includes

paying for expenses at the request of the candidate or his agent and for the purpose of influencing an election.

We have already discussed the phrase "for the purpose of influencing an election," and the law is the same here. To summarize, whether the money given or the bills paid by Mr. Baron were for the purpose of influencing an election is a factual question you will decide from the credible evidence. You will consider any evidence about the intent, motivation, and goals of Mr. Baron, evidence about how Mr. Baron came to make the payments or gifts and how he came to pay the bills at issue, how and when the money was actually spent, and other evidence of all the surrounding circumstances, and from this evidence you will determine whether money was provided or bills were paid by Mr. Baron for the purpose of influencing an election.

You will remember that the government does not have to prove that the sole or only purpose of the payments or expenditures was to influence the election. People rarely act with a single purpose in mind. On the other hand, if the donor would have made the gift or payment notwithstanding the election, it does not become a contribution merely because the gift or payment might have some impact on the election. Nor does it become a contribution just because the donor knew it might have some influence on the election and found that acceptable, if the donor's real purpose was personal or otherwise unrelated to the election. In other words,

the government has to prove that Mr. Baron had a real purpose or an intended purpose to influence an election in making the gift or payment. If his real purpose was personal or otherwise not for the purpose of influencing the election, or if you cannot say what the purpose was beyond a reasonable doubt, then that would not be sufficient to satisfy this element. If you find beyond a reasonable doubt that one of his purposes was to influence an election, then that would be sufficient.

The government also has to prove that the expenditure was made by any person in cooperation, consultation, or concert with, or at the request or suggestion of, a candidate or his agent. This means that there is a connection between the person's act in making the expenditure and some word or deed of the candidate or the candidate's agent that requested, suggested, or encouraged the payment. An agent is someone acting on behalf of and with the knowledge and authority of the candidate. And, as I already told you, Mr. Edwards must have acted willfully in causing another person to commit the acts which constitute the crime, which means he had to know about or have requested the acts and he had to willfully associate himself with the acceptance or receipt of the excessive contribution.

The expenditure does not have to be a payment for an expense that the campaign could legally pay, though it could be; in other words, the expenditure could be for an expense that would be legal for the campaign to pay directly, such as political advertising, or it could be for an expense that the campaign could not

legally pay, such as most personal expenses.  In either case, if you are satisfied

beyond a reasonable doubt that the payment meets the other requirements we just

discussed, the expenditure is a "contribution."

In determining whether Mr. Edwards acted knowingly, you will remember

my earlier instructions that you may consider whether he deliberately closed his

eyes to what would otherwise have been obvious to him.  If you find beyond a

reasonable doubt that Mr. Edwards acted with a conscious purpose to avoid

learning the truth—here, the truth about the details of the money Mr. Baron spent

or paid—and not because he was merely negligent, foolish, or mistaken, the

element that Mr. Edwards acted knowingly may be satisfied.  I want to caution you

and remind you, however, that the element of willfulness cannot be satisfied in this

manner.  The government also has to prove beyond a reasonable doubt that Mr.

Edwards acted willfully, with the knowledge that his course of conduct was

unlawful.  You will remember my more detailed instructions on this point from

Count 2.


Summary—Count 4

So, on Count 4, before you can find Mr. Edwards guilty, the government

must prove beyond a reasonable doubt that, while he was a candidate for president,

Mr. Edwards knowingly and willfully accepted or received, or knowingly and

willfully caused another to accept or receive on his behalf, contributions from Mr. Baron that totaled $25,000 or more during calendar year 2007, contributions including expenditures made for the purpose of influencing an election at the suggestion of the candidate or his agent.

## Count 4:  Venue

If you find Mr. Edwards Guilty on Count 4, then you must turn to the question of venue.   You will remember the burden of proof on the government is a lower standard of proof than beyond a reasonable doubt and is instead, by a preponderance of the evidence, and that the government must prove that an act in furtherance of the crime in Count 4 occurred in the Middle District of North Carolina.   The law is the same as on Count 2.

## Count 5:  Illegal Campaign Contributions:  2008/Mr. Baron

In order to find Mr. Edwards guilty of Count 5, the government must prove, beyond a reasonable doubt, the following three elements:

1.  First, that Mr. Edwards was a candidate for federal office, specifically for President of the United States;

2.  Second, that while a candidate, Mr. Edwards accepted or received, or caused another to accept or receive on his behalf, campaign contributions

from Fred Baron that totaled $25,000 or more during calendar year 2008; and

3. Third, that Mr. Edwards acted knowingly and willfully.

I have already explained these three elements to you in some detail in connection with Counts 2 and 3, as supplemented in Count 4 as to the broader definition of contribution when expenditures are at issue, and the law is the same on Count 5. I will remind you of something and add one more thing relevant to this Count.

As I mentioned, the government has to prove beyond a reasonable doubt that Mr. Edwards knowingly and willfully accepted or received these contributions, or willfully caused another to accept or receive these contributions, while he was a candidate for federal office. This means that if an expenditure was made after the candidacy ended, then it cannot be a contribution.

You heard a fair amount of evidence about money that Mr. Baron spent after Mr. Edwards suspended his campaign near the end of January 2008. You may and should consider this evidence, to the extent you find it credible and to the extent you find it helps you evaluate what the purposes, motives, and intentions were of the various people whose actions are at issue. However, Mr. Edwards is not charged with accepting or receiving any contributions from Mr. Baron after January 30, 2008, and you cannot convict him on Count 5 or any other count based

only on a finding that Mr. Baron's expenditures after January 30 were made for the purpose of influencing an election. You can only convict him on this Count if you find beyond a reasonable doubt that Mr. Baron's expenditures before January 30 were for the purpose of influencing an election, along with the other facts the government has to prove.

Summary—Count 5

So, on Count 5, before you can find Mr. Edwards guilty, the government must prove beyond a reasonable doubt that, while he was a candidate for president, Mr. Edwards knowingly and willfully accepted or received, or knowingly and willfully caused another to accept or receive on his behalf, contributions from Mr. Baron that totaled $25,000 or more during calendar year 2008, contributions including expenditures made for the purpose of influencing an election at the suggestion of the candidate or his agent.

## Count 5:  Venue

If you find Mr. Edwards Guilty on Count 5, then you must turn to the question of venue.   You will remember the longer instructions I gave in connection with this decision on Count 2, and the law is the same here; you will simply need to apply the law to the facts you find as to Count 5.

## Count 6: Concealing or Covering up a Material Fact

In Count 6, Mr. Edwards is charged with causing his campaign committee to submit a false campaign finance report that concealed a material fact in a matter within the jurisdiction of the United States.

As I mentioned early in my instructions to you, federal campaign finance laws require campaign committees to file reports listing all contributions over $200 during an election cycle. Generally speaking, with exceptions not relevant now, reports must include the name, mailing address, occupation, and employer of each person who makes contributions totaling more than $200 during the relevant election cycle, as well as the date and amount of any such contribution.

We have already had a long discussion about what a contribution is in the context of federal campaign finance law, and it includes expenditures made by third persons at the request of the candidate or the candidate's agent if the expenditure was made for the purpose of influencing an election. All contributions exceeding $200, including expenditures made by a third party at the request of the candidate or the candidate's agent for the purpose of influencing an election, must be listed by the campaign treasurer in the reports the campaign committee files with the FEC. This is so even if the expenditure was for an expense the campaign could not legally pay, so long as it was for the purpose of influencing an election

and the other parts of the definition of contribution are satisfied beyond a reasonable doubt.

So on this charge, the government must prove beyond a reasonable doubt the following six elements:

First, that Mr. Edwards knowingly and willfully concealed or covered up a fact, either the existence of campaign contributions over $200 by Ms. Mellon, the existence of contributions over $200 by Mr. Baron, or both;

Second, that the fact or facts were concealed or covered up by a trick, scheme or device;

Third, that the campaign treasurer had a duty to disclose the contributions to the FEC;

Fourth, that Mr. Edwards knew about the contributions and knew that the campaign treasurer had a duty to disclose them to the FEC,

Fifth, that the fact of the contributions was material to the FEC; and

Sixth, that the subject matter involved was within the jurisdiction of the executive branch of the United States.

I have already defined the terms knowingly and willfully for you, and those definitions apply here as well.

The phrase "conceals or covers up by any trick, scheme or device," means any deliberate plan or course of action, or any affirmative act, or any knowing

omission designed to deceive others by preventing or delaying the discovery of information.   Obviously, for a person to conceal or cover up a fact requires that the person have knowledge of the fact, so inherent in this element is proof that Mr. Edwards knew about one or more of these unreported contributions over $200.

The treasurer of a campaign committee has a legal duty to report to the FEC, among other things, the name, mailing address, occupation, and employer of each person who makes contributions totaling in excess of $200 during the relevant election cycle, together with the date and amount of any such contribution. Contributions, here as in the other counts, also include expenditures made at the request of the candidate or candidate's agent for the purpose of influencing an election.  If you find that none of the moneys at issue were contributions, then of course there is no requirement that they be disclosed.  But if they were contributions, and they are over $200, then they have to be disclosed.  Note that the government does not have to prove that the excessive contributions totaled $25,000 or more in any particular calendar year in connection with Count 6.

A statement is material if it has the effect of influencing the action of any agency, or was capable of doing so, or had the potential to do so.  It is not necessary that the statement actually have that influence or be relied on by the agency, as long as it had the potential or capability to do so.

A matter is within the jurisdiction of the executive branch of the government of the United States if the statement concerns an authorized function of the department or agency to which it is submitted. The government does not have to prove that Mr. Edwards had actual knowledge that the false statement was to be used in a matter within the jurisdiction of the government. It is enough for the government to prove that the false statement was made concerning a matter within the jurisdiction of the executive branch.

Summary—Count 6

So, on Count 6, before you can find Mr. Edwards guilty, the government must prove beyond a reasonable doubt that Mr. Edwards knowingly and willfully concealed or covered up a fact, either the existence of contributions over $200 by Ms. Mellon, the existence of contributions over $200 by Mr. Baron, or both; that the fact or facts were concealed or covered up by a trick, scheme or device; that the campaign treasurer had a duty to disclose the contributions to the FEC; that Mr. Edwards knew about the contributions and knew that the campaign treasurer had a duty to disclose them to the FEC, that the fact of the contributions was material to the FEC; and that the subject matter involved was within the jurisdiction of the executive branch of the United States.

## Count 6:  Venue

If you find Mr. Edwards Guilty on Count 6, then you must turn to the question of venue.  You will remember the burden of proof is by the preponderance of the evidence for these venue sub-issues.  As to this special interrogatory related to Count 6, the government must prove by the preponderance of the evidence that the crime occurred in the Middle District of North Carolina, that is, that the report to the FEC was filed in, prepared in, or submitted from the Middle District.  The government does not have to prove all three of those things, but it does have to prove at least one of those things by the preponderance of the evidence.

If you find that the government has not established this by the preponderance of the evidence, then you should answer this sub-issue "No," which will result in acquittal.  If you are satisfied by the preponderance of the evidence, then you should answer this sub-issue Yes, in favor of the government.

## Count 1:  Conspiracy

In Count 1 of the Indictment, Mr. Edwards is charged with conspiracy.  A conspiracy is an agreement by two or more people to commit an unlawful act.  In this case, Mr. Edwards has been indicted for conspiracy:  First, to accept campaign contributions from Rachel Mellon or Fred Baron, in excess of the amount allowed

Case 1:11-cr-00161-CCE   Document 288   Filed 05/18/12   Page 27 of 45

by law, and Second, to conceal or cover up a material fact from the government, specifically by causing the John Edwards for President Committee to file false campaign finance reports that did not include certain contributions from Ms. Mellon and Mr. Baron.

In order to prove a conspiracy, the government has to prove beyond a reasonable doubt the following three elements:

First, that two or more people entered into an agreement to violate one or both of these federal laws;

Second, that Mr. Edwards knew about the conspiracy and that he deliberately, knowingly, willfully, and voluntarily joined the conspiracy; and

Third, that during the course of the conspiracy, one of the members knowingly performed an overt act in order to further or advance the common purpose of the conspiracy, and that one overt act was undertaken in the Middle District.

So, as to this first element, that there be an agreement, the government does not have to prove that there was a formal meeting or formal agreement or indeed that the agreement took any particular form. Similarly, you do not have to find that the alleged conspirators stated in words or writing what the scheme was, its object or purpose, or every detail of the scheme or the means by which its object or purpose was to be accomplished. The government does have to prove that there

was a mutual understanding, either spoken or unspoken, explicit or tacit, between two or more people to cooperate with each other to accomplish an unlawful act, either accepting or receiving excessive contributions from Ms. Mellon, accepting or receiving excessive contributions from Mr. Baron, or concealing a material fact from the FEC.

On occasion, there will be direct evidence of the existence of a conspiracy, where the people involved explicitly say to each other: Let's commit this crime. That may exist, but it is not required. By its nature, a conspiracy to commit a crime can be secret and covert, so there is not always a lot of direct evidence of the agreement. Circumstantial evidence can be sufficient, if you find it persuasive beyond a reasonable doubt. In this regard, you may consider the actions and statements of all of those you find to be participants in the conspiracy as proof that a common plan existed on the part of Mr. Edwards and the other conspirators.

As to the second element, the government must prove beyond a reasonable doubt that Mr. Edwards knowingly, willfully, and voluntarily became a member of the conspiracy. Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between Mr. Edwards and the conspiracy to support conviction. For example, a defendant need not have knowledge of all of his co-conspirators, or of the details of the conspiracy, and may be convicted despite having taken only minor actions himself in the overall conspiracy. Mere

presence at the scene of a crime is not enough to make him a member of the conspiracy, and mere association with other members of the conspiracy is not enough, nor is mere knowledge of an unlawful plan. Finally, it is not enough if actions by Mr. Edwards merely happen to further the purposes of a conspiracy, without his knowledge or intent. It is necessary for the government to prove beyond a reasonable doubt that Mr. Edwards participated with knowledge of at least some of the illegal purposes or objects of the conspiracy, and with the intent of aiding in the accomplishment of those unlawful ends.

The third element which the government must prove beyond a reasonable doubt is that at least one overt act was knowingly committed by at least one of the conspirators, at or about the time and place alleged, in the Middle District. An overt act is an affirmative step taken in order to advance the goals of the conspiracy. The government only has to prove one overt act by one of the conspirators. It does not have to prove that Mr. Edwards himself committed an overt act in the Middle District or indeed anywhere. Nor does the government have to prove that the overt act was itself illegal. Any act in furtherance of the conspiracy is sufficient. The government does have to prove beyond a reasonable doubt that one of the conspirators performed at least one overt act in furtherance of the conspiracy in the Middle District.

The Indictment alleges that the conspiracy occurred from in or about 2007 until in or about 2009. While it is not necessary that the government prove the exact dates, the government does have to prove beyond a reasonable doubt that the conspiracy began within or reasonably near the time period alleged in the Indictment.

The Indictment charges a conspiracy to commit two separate crimes, as I mentioned: accepting or receiving contributions in excess of the limit allowed by federal campaign finance law, and concealing a material fact by causing the John Edwards for President Committee to file a false contribution report. It is not necessary for the government to prove a conspiracy to commit both of those crimes. It would be sufficient if the government proves beyond a reasonable doubt, and you unanimously agree, a conspiracy to commit one of those crimes. I have previously instructed you fully on the elements of receiving excessive campaign contributions in connection with Counts 2-5 and on the elements of concealing a material fact by causing a false report to be filed in Count 6, and you will remember those instructions here.

If you find Mr. Edwards guilty on Count 1, then you need to answer the sub-issues there, letting us know whether you found the object of the conspiracy to be the acceptance or receipt of excessive campaign contributions, concealing a material fact by causing the campaign committee to file a false campaign report, or

both. So if you have found him guilty on Count 1, then you need to answer each sub-issue, and as I just mentioned, you must agree unanimously on at least one of those objects before you can find Mr. Edwards guilty on Count 1.

Summary – Count 1

So, on Count 1, before you can find Mr. Edwards guilty, the government must prove beyond a reasonable doubt that two or more people entered into an agreement to violate the federal law prohibiting excessive campaign contributions or the federal law prohibiting the concealment of material facts from a federal agency or both, as you unanimously agree, that Mr. Edwards knew about the conspiracy and that he deliberately, knowingly, willfully, and voluntarily joined the conspiracy, and that during the course of the conspiracy, one of the members knowingly performed an overt act in order to further or advance the common purpose of the conspiracy, and that one overt act was undertaken in the Middle District. If you find him guilty you should reflect that unanimous agreement on the object of the conspiracy by answering the special interrogatories asked there on the verdict sheet.

## General Instructions on all Six Charges

Mr. Edwards is charged with committing the offenses "on or about" a certain date. The government does not have to prove that the events or conduct occurred

on the exact dates alleged in the Indictment. The evidence is sufficient if it establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the alleged date.

The Indictment alleges that monetary payments were involved in the crimes charged. It is not necessary for the government to prove the exact or precise amount of the monetary payments alleged in the Indictment, except of course that for Counts 2-5, the government does have to prove that the amount of the contributions for the relevant calendar year totaled $25,000 or more, and for Count 6 the government must prove that the unreported contributions were over $200.

Mr. Edwards is charged with the six offenses we have discussed. He is not on trial for any other conduct or offense not alleged in the Indictment, and you cannot find him guilty of any charged offense unless and until you find beyond a reasonable doubt that he committed every element of that specific offense.

Mr. Edwards has pleaded not guilty to each of the counts. He contends that the payments made by Ms. Mellon and Mr. Baron were not campaign contributions and further contends that it was reasonable for him to have drawn that conclusion. Consequently, he contends that he did not enter into any illegal conspiracies to accept or receive such contributions. In addition, he claims that venue for Counts 3, 4, and 5, is not properly in the Middle District of North Carolina and contends the payment in Count 3 was not accepted while he was a candidate for President.

Finally, he claims he took no action to prevent or cause false reports to be filed with the FEC.

## EVIDENCE

In reaching your verdict, you must consider only the evidence admitted in the case. The term "evidence" includes the sworn testimony of witnesses, the exhibits admitted, and the stipulations. Remember that nothing the lawyers said is evidence in the case. A question to a witness is not evidence; rather, it is the witness's answer that constitutes evidence. So if a lawyer asked, "Did such and such a thing happen?" and the witness says "No," or "I don't know," or even "I don't remember," then that is NOT evidence that such and such a thing happened. Nothing the lawyers may have said in stating objections during the trial is evidence, the opening statements of the lawyers were not evidence, and their closing arguments are not evidence.

If I have excluded any evidence or directed you to disregard any evidence, you must not consider it.

Your own recollection and interpretation of the evidence is controlling. If one of the lawyers in closing arguments recalled the evidence differently from you, then you should be guided by your own recollection and that of your fellow jurors.

Also, nothing that I have said is evidence. You should take what I say about the law and follow it, but you are the sole judges of the facts. The law, as indeed it

should, requires the presiding judge to be impartial. You should not draw any inference from any ruling I have made, expression on my face, inflection in my voice, or anything I have said or done that I have any opinion about the facts or the evidence. It is your exclusive province to find the facts in this case and to render a verdict reflecting the truth as you find it.

In considering the evidence, you should apply your reason and common sense to the evidence. You may consider the direct evidence and the circumstantial evidence.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that a fact has or has not been proved. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and convict a defendant only if the evidence proves his guilt beyond a reasonable doubt.

Now, in saying that you must consider all the evidence, this does not mean that you must accept all the evidence as true or accurate. You should decide whether you believe each witness's testimony and how much importance to give to that testimony. In making those decisions, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning

any particular dispute is not controlling.  You are the sole judges of the facts in this case, both in deciding which witnesses to believe and in deciding how much weight to give the believable testimony of any witness.

In deciding whether you believe or do not believe all, some, or none of a witness's testimony, I suggest that you ask yourself a few questions:  Did the witness impress you as someone who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  You can consider each witness's intelligence, motive to lie or misstate, state of mind, and appearance and manner while on the witness stand, as well as any connection the witness may have to either side of the case, and the way each witness might be affected by your verdict.

You can also consider whether the witness's testimony differed in a material way from the testimony of other witnesses or whether the witness's testimony is supported or corroborated by other evidence in the case.  However, inconsistencies between the testimony of different witnesses should not necessarily cause you to disbelieve such testimony; two people witnessing an incident may simply see or hear it differently, and innocently misremembering, just like failing to remember things, is not an uncommon human experience.  In weighing the effect of an

inconsistency in the evidence, you should of course consider whether it concerns something important or an insignificant detail.

As to some of the witnesses, you have heard evidence that before trial, the witness made a statement concerning the same subject matter as his or her testimony in this trial. You may consider those earlier statements to help you decide whether and how much of the witness's in-court testimony to believe. If the earlier, out-of-court statements are inconsistent with the witness's testimony in court, you can consider whether that affects the believability of the witness's testimony under oath.

Now, as I mentioned already, keep in mind that simple mistakes don't mean a witness isn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So if you find that a witness misstated something, you should consider whether it was because of an innocent lapse in memory or whether it was an intentional deception.

You have heard the testimony of Andrew Young, and also heard evidence that he has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted here in court or in interviews with the prosecutors.

The government is permitted to make these kinds of promises and to call as witnesses people to whom these promises are given. You should consider the

testimony of all the witnesses, and you should not reject the testimony of a cooperating witness out of hand, just because he has an agreement with the government.

That said, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with great care and caution, and with more attention than the testimony of an ordinary witness. You should scrutinize it closely to determine whether it is given in such a way as to make Mr. Edwards seem guilty in order to further the witness's own interests, or whether he has exaggerated the role of others or minimized his own, or whether this testimony has been colored by benefits the witness hopes to receive from the government. You may convict Mr. Edwards on the basis of this witness's testimony alone, but only if you find that his testimony is believable and proves Mr. Edwards' guilt beyond a reasonable doubt.

There has been evidence tending to show that a witness has a particular reputation for truthfulness or untruthfulness. You may consider this opinion testimony in deciding whether to believe or disbelieve the testimony of the witness whose character for truthfulness or untruthfulness is at issue. As with all the evidence, it is up to you whether you believe this testimony and if you do how much weight to give it.

If you find that a witness has willfully testified falsely as to any material matter before the Court or elsewhere under oath, you may distrust or even reject that witness's testimony in other particulars.

There are several persons whose names you have heard during the course of the trial, but who did not appear here to testify, and one of the attorneys referred in closing argument to a person's absence from the trial. I instruct you that each party had an equal opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what any witness would have testified to had he or she been called. A witness's absence should not affect your judgment in any way. You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The burden of proof remains on the government.

Occasionally during the trial, a piece of evidence or certain testimony was received for a limited purpose, and I may have used those words when it was received. If I said that certain evidence was received only for a limited purpose, you should consider it only for that limited purpose and not for any other purpose.

Occasionally during the trial, you heard me say that certain testimony from a witness or perhaps an exhibit was admitted for a reason other than for the truth of the matter. Normally, when you hear testimony or see a document, you are free to

consider the statement or the document for the truth of what is being asserted. By way of example, if a witness testified that it was snowing on January 1, then that is obviously evidence that it was snowing on January 1. Sometimes, however, a statement is offered for another purpose. To modify the example above, a witness might testify that a third person said it was snowing on January 1. If the Court admitted this statement "not for its truth," then you should not consider it as evidence that it was in fact snowing on January 1. Rather, you should consider it only for whatever limited purpose it was admitted to show. In this example, it might have been admitted to explain why the testifying witness put on a coat. So you may have heard me say from time to time, that testimony was not admitted for the truth but rather was admitted to explain why a witness took certain action or why a person felt or believed something or whether a person had knowledge of a particular fact. I think this was generally clear from the context when the evidence came in, but just in case, as with any other evidence offered for a limited purpose, you should consider evidence admitted not for its truth only for the limited purpose offered.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself

whether to rely upon the opinion. You should consider the same things you would consider about the testimony of any other witness, along with the evidence about the witness's training and experience, and any other relevant circumstances in deciding whether to accept the testimony of an expert witness.

Moreover, if any witness mentioned or offered an opinion about what the law is, you are not to follow that witness's opinion on the law if it is different from my instructions to you. Specifically, a witness's opinion testimony about whether payments were or were not contributions may be relevant to explain why the witness did or did not do something or for other limited purposes, but it is not relevant to your determination as to whether any of the payments at issue were or were not contributions.

## CAUTIONS

Mr. Edwards has chosen not to testify. As I have told you, he is presumed innocent. Because the burden is on the government to prove Mr. Edwards guilty beyond a reasonable doubt, his decision not to testify cannot be held against him and must not be considered at all in reaching your verdict. To the extent that Mr. Edwards has presented evidence, you should consider that testimony and evidence by the same standards you apply to all other witnesses and evidence.

You should not consider the question of punishment in any way in deciding the case. Should Mr. Edwards be convicted, the matter of punishment is for the Court alone to determine.

Similarly, you should not allow sympathy, concern over public opinion, or bias affect your verdict one way or the other. Nor should you be concerned about my opinion of the matter. The parties, the public, and the court expect only that you will base your verdict on the evidence, follow the law as I have given it to you, and return a verdict reflecting the truth as you find it to be.

Finally, while you are deliberating and during any breaks or recesses in your deliberations, do not look anything up online or in dictionaries, and do not conduct any independent investigation. If you have questions about the meaning of any of the words I have used in these instructions, ask me. Usually a word is used in its ordinary English meaning, but when I have defined a word or term for you, you should apply the definition I have given you. If it isn't clear or you need some further guidance, let me know rather than conducting independent investigation. Do not consult anyone other than your fellow jurors about this case while you are deliberating, and then all discussions should take place only when all twelve jurors are present. My other instructions about avoiding media coverage and not communicating about the case with anyone else remain in place.

## DELIBERATIONS AND VERDICT

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict, you must all twelve agree.

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

You've seen a copy of the Verdict Form prepared for your convenience. In a moment, the original form will be sent into the jury room to you. Once you reach a unanimous agreement, you will have your foreperson fill in the Verdict Form in ink, sign and date it, and report to the Court Security Officer that you have a verdict. Do not hand the Verdict Form to the Court Security Officer or tell anyone the verdict. We will have you return to the courtroom to deliver your verdict. That may take us awhile, so do not be concerned if you have to wait on us a few minutes to come into the courtroom to pronounce your verdict.

If you need to communicate with me at any time, please write down your message or question, have the foreperson write in the date and the time, sign it, and notify the Court Security Officer that you have a note. The Court Security Officer will call the Clerk, who will collect the note and bring it to my attention. I will then talk to the parties and respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you,

however, that with regard to any message or question you might send, you should not tell me your numerical division at that time. For example, do not tell me that a certain number favor conviction and another number favor acquittal.

During the trial various items were admitted into evidence as exhibits. If, during your deliberations, you would like to examine any of the exhibits, your foreperson should send me a note asking for them. I will usually send the exhibits back to the jury room so you can review them, but there may be some exhibits that you will have to examine in the courtroom.

You may take your notes with you, but you will remember that the notes of any one juror are not evidence and that they are not more important than the memories of other jurors.

You should discuss the case only in the jury room and only when all twelve of you are present. If you would like to take a break, I will be glad to let you do that, but please send a note to the Court Security Officer and wait for my instruction before leaving the jury room.

Ladies and gentlemen of the jury, thank you for your patience, attentiveness, and continuing service. You will now retire to the jury room to select your foreperson. Shortly, I will send back the Verdict Form and when you receive it, you may begin your deliberations.

## COUNTIES LOCATED IN THE
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Alamance | Moore |
| Cabarrus | Orange |
| Caswell | Person |
| Chatham | Randolph |
| Davidson | Richmond |
| Davie | Rockingham |
| Durham | Rowan |
| Forsyth | Scotland |
| Guilford | Stanly |
| Hoke | Stokes |
| Lee | Surry |
| Montgomery | Yadkin |